## WILLIAMSON-HALSELL-FRASIER CO. v. LONDON et al.

No. 20318.   Opinion Filed Nov. 10, 1931.

Rehearing Denied Jan. 12, 1932.

Brett & Brett, for plaintiff in error.

Sigler & Jackson, for defendant in error E. C. London.

CLARK, V. C. J. This is an action commenced in the district court of Carter county by Williamson-Halsell-Frasier Company, a corporation, plaintiff in error herein, against E. C. London and Roger Whitfield, doing business as the National Grocery & Market, of which defendant below the said E. C. London is defendant in error herein.

The plaintiff in error herein, Williamson-Halsell-Frasier Company, a corporation, alleged in its petition that E. C. London and Roger Whitfield were doing business as the National Grocery & Market. That at the time said business was opened the said E. C. London and Roger Whitfield represented to the plaintiff and other creditors of said business that E. C. London was a partner in said business. That said representation was made orally, and further, that E. C. London paid the claims of several creditors.

That relying upon said representation that E. C. London was a partner in said business, plaintiff sold to National Grocery & Market a bill of groceries in the sum of $438.78. That

demand for payment of same was made on E. C. London and that he has failed and refused to pay the same, and plaintiff attached verified itemized statement of said account to its petition.

Plaintiff further alleged that defendant is estopped to deny the partnership for the reason he permitted judgments to go against him in justice courts where he was sued as a partner in said business, which judgments have become final.

Plaintiff further alleged that the said Roger Whitfield filed petition in bankruptcy in July, 1927, asking that he be discharged from further liability in the premises. That by reason of the representations made by said parties, said E. C. London is liable for the amount sued for. Said petition was filed in said court on November 10, 1927.

Thereafter summons in said cause was duly served on the defendant E. C. London therein, with answer day fixed at December 5, 1927.

Thereafter affidavit for garnishment garnisheeing T. B. McLish, Sammie London, and Carter county was duly filed in said cause on the 9th day of January, 1929.

Thereafter garnishment summons was issued in said cause on the 9th day of January, 1929, and served upon the garnishees to answer on or before the date of the return day.

Thereafter the defendant E. C. London filed an amended answer in said cause and repleaded all of his original answer filed in said cause. The case-made does not contain the original answer filed by the defendant E. C. London. The amended answer of said defendant E. C. London further pleaded that on and prior to the 1st day of October, 1927, there was pending in the United States District Court of the Eastern District of Oklahoma a matter styled: "In the matter of Roger Whitfield, a Bankrupt," and that in said matter the plaintiff, Williamson-Halsell-Frasier Company, filed an application asking that the defendant herein (E. C. London) be adjudged to be a partner in said matter. That the defendant E. C. London filed his answer, and that proof was had, and on said date the referee found that the defendant was not a general partner of said Whitfield and was not responsible for the debts made under the name of National Grocery & Market. Attached copies of the petition filed by Williamson-Halsell-Frasier Company in the United States District Court for the Eastern District of Oklahoma in said bankruptcy proceedings, also answer of E. C. London and judgment filed and rendered in said bankruptcy proceedings.

The defendant says that by reason of said matters the claim of plaintiff has been adjudicated and that said plaintiff for said reason has no claim against said defendant.

The petition filed by Williamson-Halsell-Frasier Company in said bankruptcy proceedings and attached to said amended answer as an exhibit alleged that the petitioner was a creditor of the said bankrupt, Roger Whitfield, and had filed its claim before the referee in bankruptcy.

Further alleged that the said National Grocery & Market was in fact a partnership, composed of Roger Whitfield and E. C. London, and both Roger Whitfield and E. C. London had made representations on different occasions and held themselves out to various and sundry persons and creditors that they were partners. That on the strength of said representations, plaintiff extended credit to said National Grocery & Market. Further set out the accounts of the National Grocery & Market.

Further alleged that it was necessarily proper that the true status of the National Grocery & Market be determined. Prayed that hearing be had in order to establish the partnership existing between the said Roger Whitfield and E. C. London.

In said bankruptcy proceeding, the defendant herein, E. C. London, filed answer to the petition of the said Williamson-Halsell-Frasier Company, denied that he was a member of the firm of the National Grocery & Market, and alleged that he was a creditor of said National Grocery & Market and had never at any time held himself out as a member of said firm and had never in any way referred himself to any person that he was a member of the said firm.

Further alleged that the said National Grocery & Market was not a partnership, but the same was owned by said Roger Whitfield. Further alleged he had no connection with said firm other than as a creditor.

The referee made an order and judgment therein, which order and judgment is attached as exhibit to the amended answer of the said E. C. London, and reads in part:

"Finds and so adjudges that Ewing London was not and never a general partner of the bankrupt in the National Grocery & Market, and therefore is not responsible for the debts made under said mercantile name.

"He also finds and adjudges that the said

Ewing London did, on several occasions, permit himself to be held out as a partner of the said Whitfield, and in such instances he was a special partner and the parties who were misled are entitled to bring suit against him as such partner in a plenary proceeding in other courts, if they so desire; but as the said E. C. London is not before this referee as a partner, no valid judgment can be rendered against him in bankruptcy court."

That thereafter and on the 1st day of February, 1929, the defendant E. C. London filed in this cause a motion to vacate and set aside the order of garnishment issued therein, and set up in said motion as grounds therefor that no cause of action existed in favor of plaintiff and against defendant. That the same matters sued upon in this action were before the United States District Court and that the said court rendered a judgment in favor of this defendant and against the plaintiff.

Further alleged that the money garnisheed is not the property of the defendant, but the defendant had prior thereto, for a valuable consideration, assigned said claims to other persons.

Further alleged that no cause exists offering a garnishment of defendant's property.

This motion was not verified, but was served upon the attorneys representing the plaintiff. Thereafter and on the same day the plaintiff, Williamson-Halsell-Frasier Company, filed a response to the motion of the defendant E. C. London and alleged that the said pleading showed on its face that the defendant is not entitled to the relief prayed for; denied that defendant has assigned the money garnisheed to other persons, but if the purported assignment has been made, there is no consideration for same. Denied this matter was sued upon in the United States District Court; further denied that judgment was rendered therein which bars this plaintiff from proceedings in this action in the district court of Carter county.

Thereafter, on the 13th day of February, the answer of garnishee board of county commissioners of Carter county was filed in said cause and alleged in said answer that three claims were in their possession in favor of E. C. London, numbered as follows:

3057 for the amount of_____$627.50
3228 for the amount of_____ 105.50
3232 in the amount of_____ 29.00

That claim number 3057 had been assigned to T. B. McLish and warrant had been is-

sued payable to T. B. McLish thereon. That claims numbers 3228 and 3232 had been assigned to Sammie London and that warrants had been issued payable to Sammie London for that amount of said claim and are held by this garnishee. Further alleged that the rights of these warrants should be adjudicated and an order made for this garnishee directing to whom these claims should be delivered.

Thereafter the plaintiff in said cause, Williamson-Halsell-Frasier Company, gave notice to Carter county, T. B. McLish, and Sammie London, garnishees, that the plaintiff elects to take issue on the answer of Carter county; the service of which notice was acknowledged by the county clerk of Carter county. The notice is not shown to have been served upon the garnishees T. B. McLish and Sammie London. The garnishees T. B. McLish and Sammie London did not file any answer in said cause.

The cause came on for trial, and jury being waived, was tried to the court. At the close of defendants' evidence the plaintiff demurred thereto, which was overruled, and after the close of said cause the court rendered judgment finding that the defendant E. C. London had permitted himself to be represented and held out to plaintiff as a partner in the National Grocery & Market by Roger Whitfield; and rendered judgment in favor of the plaintiff, Williamson-Halsell-Frasier Company, against the said E. C. London, defendant therein, for the amount sued for, and further discharged the garnishment against the defendants Carter county, T. B. McLish, and Sammie London, garnishees.

Plaintiff excepted to the judgment of the court and gave notice of appeal to the Supreme Court from the order discharging the garnishees.

Motion was filed by the plaintiff to amend its petition to conform to the proof. An order was made by the court permitting the following amendment:

"Plaintiff further alleges that said E. C. London permitted himself to be represented as a partner by the said Roger Whitfield."

Motions for new trial were filed by the plaintiff in error herein and also by the defendant E. C. London, which motions for new trial were overruled, exceptions saved, and the plaintiff in error herein brings the cause here for review.

The defendant in error, E. C. London, filed a cross-petition in error in this court and alleged therein, as assignments of error:

(1)  That the court erred in overruling the defendant's motion for a new trial.

(2)  The court erred in admitting certain irrelevant, incompetent, and hearsay testimony against the defendant.

(3)  Errors of law occurring at the trial and excepted to by the defendant.

(4)  Judgment is contrary to the law and the evidence.

We will first consider the assignments of error of the defendant E. C. London.

Section 364, C. O. S. 1921, provides in part as follows:

"The proceedings against the garnishee shall be deemed an action by the plaintiff against garnishee and defendant as parties defendant and all provisions for enforcing judgment shall be applicable thereto; but when the garnishment is not in aid of execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if the defendant have judgment, the garnishee action shall be dismissed with costs, unless the plaintiff shall give immediately, in open court, notice, to be stated in the journal entry, that he appeals from such action; in which event the court shall make an order continuing the garnishment proceedings until the disposition of such appeal, and it shall not be necessary to take up the garnishment proceedings to the appellate court or make the garnishee a party to the appeal. * * *"

The defendant E. C. London in his answer pleaded the judgment of the referee in bankruptcy, and the record discloses plaintiff in error herein, Williamson-Halsell-Frasier Company, having filed their petition in the bankrupt court and invoked the jurisdiction of that court on the question of partnership and the defendant in error, London, having filed his answer therein and hearings having been had in said bankrupt court thereon, the findings and the judgment of the referee in bankruptcy are binding upon this court, in so far as said judgment goes as to the general partnership.

Collier on Bankruptcy (13th Ed.) 1923, vol. 1, p. 940, states the rule relative to judgment and findings of referee in bankruptcy as follows:

"A referee is a judicial officer, and all of his acts are presumed to be legal within the scope of his authority. The findings of referees acting within their jurisdiction are entitled to the respect and credit given to the officers acting judicially, and on matters within their jurisdiction have the same force and effect as if rendered by any court of general jurisdiction, and are conclusive upon state courts."

We, therefore, hold that the judgment of the referee is binding upon this court, wherein the referee held that the defendant E. C. London was not a general partner in said partnership.

We will next inquire as to whether or not the court erred in admitting irrelevant, incompetent, and hearsay testimony against the defendant E. C. London.

The plaintiff in support of its allegations that the defendant E. C. London was a partner of Roger Whitfield and held himself out as such and permitted Roger Whitfield to so hold him, the said E. C. London, out as a partner to plaintiff in error herein, in the National Grocery & Market, introduced the following testimony, to wit:

T. D. Hooks testified, in substance: That he was an employee of Swift & Company, as a salesman, and that after an order had been left with his company by Whitfield the witness called upon the National Grocery & Market and was sent by a Mr. Duke, in the store, to E. C. London, defendant herein, and that he went to London for the reason that it had been rumored that London was interested in the store; and when he called on London, London advised him that he was interested in the business, and that he sold, for his company, Swift & Company, on the strength of London's credit, to the National Grocery & Market; and he further testified that Mr. Whitfield gave him the names of the parties interested in his business. He further testified that he, the witness Hooks, salesman for Swift & Company, gave this information to a Mr. Harrington, who is a salesman for the plaintiff herein.

The next witness produced by plaintiff was W. H. Harrington, who testified that he was a salesman during the time of the purchase of goods in question of Williamson-Halsell-Frasier Company; that he called on the National Grocery & Market, sold them the goods in question. That prior to the sales he made inquiry of the business from Mr. Whitfield, that he also talked to a Mr. Hooks who was a salesman for Swift & Company, and Hooks advised the witness that he had talked to E. C. London; and that Whitfield had told Hooks that London was a partner, and Hooks also told him of a conversation he had had with E. C. London; that Whitfield had told the witness Harrington that London was a partner in the business and that he sold to the National Grocery & Market groceries on that representation on the strength of London's credit.

The admission of the evidence given by the witness Hooks, representative of Swift & Company; and also the admission of the testimony of Harrington as to what Hooks, the representative of Swift & Company, and also what Whitfield had advised Harrington, the representative of plaintiff in error, as to London being a partner, was hearsay evidence, and the court erred in admitting, over the objection of defendant London, said evidence, as the statements were not made in the presence of the defendant in error, E. C. London.

In the case of Bernert v. Bernert, 123 Okla. 78, 254 P. 724, this court held in the second paragraph of the syllabus as follows:

"Where H. borrows money from A., and agrees to give A. all the net profits from the business in which H. is engaged until the full sum of the money borrowed is repaid to A., when payment of profits shall cease, such agreement does not constitute a partnership between H. and A., and any statement made by H., not in the presence of A., to the effect that A. is a partner in the business, is not binding upon A."

—and in the body of the opinion, at page 79, of 123 Okla., this court says:

"This instrument was dictated to the typist of the Bernert Jewelry Company, by Harry Bernert, signed as herein set out, and delivered to plaintiff, and defendant testifies he, defendant, told people, customers, and salesmen that plaintiff, Al Bernert, was a partner, but none of these statements appear to have been made in the presence of or by plaintiff."

Plaintiff further introduced testimony showing that several cases had been filed by creditors in the justice of the peace courts against Roger Whitfield and E. C. London as copartners, doing business under the name of National Grocery & Market, and the cases went to default and judgments were rendered therein.

We hold that this testimony relative to judgments being rendered by default in the justice court for other creditors than the plaintiff in error herein is not competent evidence to sustain the claim of plaintiff in error herein that E. C. London held himself out to the plaintiff in error herein as a partner.

The trial court based its judgment in favor of the plaintiff in error herein and against the defendant E. C. London upon the theory that E. C. London had permitted himself to be represented and held out to the plaintiff, Williamson-Halsell-Frasier Company, as a partner in the National Grocery & Market

by the said Roger Whitfield, as shown by the judgment of the trial court; and under the holding of this court in the case of Bernert v. Bernert, supra, that the statement of one person that another was a partner in said business, having not been made in the presence of the other person attempted to be held as a partner in said business, it is not binding upon the said person who is attempted to be bound therein; we hold that the trial court erred in admitting the evidence of statements made by Whitfield, not in the presence of London, which statements were "that London was a partner in said business."

And as provided in section 364, C. O. S. 1921, that if the defendant have judgment, the garnishee action shall be dismissed with costs, it is unnecessary herein to pass upon the errors assigned by plaintiff in error relative to the judgment of the court discharging the garnishees.

The judgment of the trial court is hereby reversed, with directions to grant a new trial in said cause.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. HEFNER and McNEILL, JJ., absent.