**HOLMES OIL CO. et al. v. RULE.**

No. 26970.    June 8, 1937.

Rehearing Denied June 29, 1937.

Geo. W. Reed, Jr., for plaintiffs in error.

J. W. Simpson, for defendant in error.

PHELPS, J. This was an 'action for the recovery of salary for labor performed by the plaintiff, and for the enforcement of a lien therefor. The trial court awarded personal judgment against the Hoburt Drilling Company 'and the Holmes Oil Company, employers, and decreed that a mechanic's lien should be foreclosed against the property of the Glidden Oil Corporation. The defendants appeal from that judgment.

There is one brief filed on behalf of all appealing defendants. The contentions set forth in the assignments of error which could affect the Hoburt Drilling Company and the Holmes Oil Company, other than

the one considered in the latter part of this opinion, are not supported by citations of authorities in the brief, and will not be considered.

We think, however, that the argument therein set forth in behalf of the Glidden Oil Corporation is meritorious. It is asserted on behalf of that defendant that the trial court erred in adjudging a lien against its property. The facts are that about eight separate and distinct producing oil and gas leases were owned by separate parties. Some of the leases were owned by the Hoburt Drilling Company and Holmes Oil Company and some by others. The owners of the various leases, including the Glidden Oil Corporation, contracted with the Hoburt Drilling Company to pump and operate their leases. The Hoburt Drilling company employed the plaintiff on a monthly salary basis to work for it, in operating these respective leases. The plaintiff traveled almost daily from lease to lease; in short, worked on all of the leases. He moved from one lease to another as occasion demanded. His employer, the Hoburt Drilling Company, became behind in the payment of his salary, and the present action was for the collection of some four years thereof. During those years the Glidden Oil Corporation had paid the Hoburt Drilling Company, plaintiff's employer, for operating its leases in accordance with the contract between them.

The plaintiff did not file any lien statement, but did file this action within 60 days after the last work or labor was performed. The defendants concede that the filing of this lawsuit within the statutory period for the filing of liens took the place of said filing, but they assert that the plaintiff could not validly file a blanket lien statement covering all of the different leases, but would be compelled to file a separate lien as to each lease, and that, therefore, having filed no liens at all, and the filing of this action being the equivalent of an attempted blanket lien, the plaintiff was not entitled to a lien. It is unnecessary to decide whether a blanket lien could be filed and enforced in this manner, for, after a careful review of the evidence, we have concluded that, even if it should be decided that such a blanket lien could be enforced, nevertheless the evidence is insufficient to support the judgment in so far as the fastening of the lien upon property of the Glidden Oil Corporation is concerned. The Glidden Oil Corporation has preserved this ground of review in the assignments of error.

There was little dispute over the amount.

owing by the employer, Hoburt Drilling Company, to the plaintiff as salary. But when any portion of that indebtedness was attempted to be enforced by a lien against the property of the Glidden Oil Corporation, the evidence required was on a different issue; namely, the amount of such work performed on the property of said Glidden Oil Corporation. There was no contractual relationship between the Glidden Oil Corporation and the plaintiff. There was a contractual relationship between the Glidden Oil Corporation and the plaintiff's employer. The Glidden Oil Corporation satisfied that obligation. In order, then, for the plaintiff to enforce collection of his salary against the property of the Glidden Oil Corporation, it would be necessary in any event for his evidence to establish with some degree of clarity and certainty the amount of his time which he devoted to work on that company's leases, and the value of that time. This he did not do. On the eight leases there were 16 producing wells. The plaintiff worked on all of these. He "guessed" that he devoted about one-ninth or one-tenth of his time to the property owned by the Glidden Oil Corporation. But when he spoke of such fractional part of his time he included in the total of his time a considerable amount of work on four or five other leases, which were in addition to the leases being operated by his employer, the Hoburt Drilling Company. It is thus apparent that he did not devote his full time to the work of his employer, but interspersed it with work on distant leases, and in such work as welding a pipe line in another county, not in any way connected with this lawsuit. As between him and his employer, if the employer was willing, this was proper, but as between him and some third person, such as the Glidden Oil Corporation, whose property he would seek to impress with a lien for the payment of said salary, the matter is very important. We have read this record in its entirety, and we are impressed with the claim of the defendant Glidden Oil Corporation that the plaintiff nowhere made it appear, in his testimony, how much of the period of time for which he is claiming salary he spent on work outside of the property being operated by his employer.

The trial court decreed enforcement of a mechanic's lien against the property of the Glidden Oil Corporation for one-ninth of the amount of salary found owing by the plaintiff's employer to the plaintiff. If we should assume that it was proper to do so, in case the plaintiff had devoted all of his time to his employer, we are met with the

fact that the plaintiff did not devote all of his time to his employer, and that he is unable to show how much of the total time was devoted to separate and independent work. If the work which the plaintiff performed on leases outside of the group involved in this lawsuit was half of his total time, then obviously the Glidden Oil Corporation's property should not be subjected to the same liability as if he had devoted, say, a fourth, or three-fourths, of his time to such outside work. Plaintiff admitted that he spent a part of his time during all of the years involved in this lawsuit on these "outside" leases, yet he did not know how much time he spent on those leases. This important fact appears to have been overlooked by the trial court.

The instant lawsuit is governed by the same rules of evidence, the same burden of proof, and the same requisites as other lawsuits in general. The burden of proof was upon the plaintiff. He was seeking to avail himself of a remedy which was purely statutory. It was incumbent upon him to produce evidence which with some degree of certainty would have indicated how much of his time was used on the property which he would subject to a lien, and the value of said time. This is the recognized duty of the plaintiff in all lien cases. Whether the debt is for labor or material the principle is the same. For instance, in DeBolt v. Farmers Exchange Bank, 51 Okla. 12, 15, 151 P. 686, 687, we said:

"And where the evidence shows that some of the material furnished for the erection of a building upon certain premises has been diverted elsewhere, then, before the materialman can recover for the material that actually went into the building, there must be such evidence presented on that point that the court or jury can find therefrom with reasonable definiteness the part that went into the building, and if it is shown what part went into the building, and its reasonable value, then the materialman will be entitled to a lien for that sum, notwithstanding a part of the material furnished has been diverted; but, on the other hand, if the evidence on that point is so vague and indefinite that the court or jury cannot, with reasonable definiteness, determine the part thereof that went into the building, then the materialman will be denied a lien for the lack of proof on that point."

The reasoning in the above case is analogous to the situation in the instant case. A mere "guess" of the plaintiff that such and such a fraction of his total time was devoted to the property in question would in any case be questionable for sufficiency, but when we add to that the fact that he was unable to testify, and stated that he did not know, how much of said total time was devoted to work on leases for parties other than his own employer, we find ourselves in a position where it is impossible to determine, or even intelligently speculate, as to just how much of his time was devoted to the property in question.

It also appears that the trial court rendered judgment for attorney's fees, by reason of said lien, and assessed these attorney's fees against the Glidden Oil Corporation and plaintiff's employers, Hoburt Drilling Company and Holmes Oil Company. No lien was adjudicated other than the one against the Glidden Oil Corporation. Since the attorney's fee is dependent upon the lien, it follows that plaintiff is not entitled to a judgment for said attorney's fee.

The judgment against the Hoburt Drilling Company and the Holmes Oil Company, other than the part thereof involving the attorney's fee in favor of plaintiff, is affirmed. That part of the judgment decreeing a lien against the interests or property of the Glidden Oil Corporation, and decreeing plaintiff an attorney's fee, is reversed, and the cause is remanded.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and GIBSON, JJ., concur.