MORRIS v. NORRIS.

No. 32616.   Feb. 3, 1948.

*189 P. 2d 950.*

Butler & Rinehart and Russell Farmer, all of Oklahoma City, for plaintiff in error.

Priest & Belisle, by Rex Belisle, all of Oklahoma City, for defendant in error.

WELCH, J.   Thomas D. Norris commenced this action against C. V. Morris and C. D. Hervey in common pleas court by filing his petition in which he alleged that he was a sole trader doing business as Norris Tobacco & Specialty Company and that the defendants were for a period of time copartners, doing business as Bowman Cafe; that during such time the plaintiff sold certain merchandise to the defendants and that there was due on open account to plaintiff by reason of such sales the sum of $366.95.

The defendant Morris filed an answer in which he denied generally the allegations of plaintiff's petition, and specifically denied that he and the defendant Hervey were copartners, and denied that he ever made any agreement for the purchase of merchandise from the plaintiff.

At the trial of the case it was stipulated by the parties that the merchandise as alleged was delivered to the place of business known as the Bowman Cafe and that the amount of the account sued upon was true and correct.   The only question presented was whether the defendants Morris and Hervey were associated as partners in such business.

A verdict was returned by a jury in favor of the plaintiff and against the defendants in the principal amount sued for, and from the judgment entered thereon, the defendant Morris appeals.

The question here presented is whether the testimony was sufficient to authorize the jury to find that a partnership existed between Morris and Hervey.

Hervey testified that in 1943 he had a conversation with Morris in reference to going into business; that Morris told him that if he could find a good place Morris would furnish the money and he would run the place and draw a salary and pay the money back; that Hervey would draw a salary of $42 a week from the business and pay back the money advanced for the purchase from the business, and after the purchase money was paid back each was to have a half interest in the business, and split the profits fifty-fifty.   That thereafter, on November 17, 1943, Bowman's Cafe was purchased at a price of $3,776. Mor-

ris advanced the money, a bill of sale to the business and fixtures was made to Hervey, and Hervey entered and began operation of the business on November 18, 1943, and operated the same until June 19, 1944, when the city closed the place. That during the time Morris was paid $1,276; that on December 1, 1943, Hervey executed a note to Morris in the amount of $3,500, also signed a chattel mortgage dated the same day and securing that note and another note for $778. That he executed the notes and mortgage without demand or request from Morris; that the instruments were given as protection for Morris. All licenses were issued to Hervey.

The mortgage was filed in the office of the county clerk on July 18, 1944, and after the place had been closed by the city. Thereafter Morris began foreclosure proceedings, but accepted a bill of sale from Hervey.

The statement of the account sued upon was introduced in evidence and also the notes and mortgages referred to above. The defendant Morris testified concerning the payment of certain social security and unemployment taxes after the business had been closed, but gave no testimony concerning the purchase and operation of the Bowman Cafe or as to his dealings with Hervey.

It is urged in defendant Morris' brief that the testimony of Hervey indicates that the arrangement was to become a partnership only on condition that Hervey repaid Morris; that the bill of sale to Hervey, the issuance of licenses to Hervey, are indicative that no present partnership agreement was entered into.

Any inference to be drawn from the fact of the execution of the notes and mortgage that the relationship of Hervey and Morris was no more than borrower and lender is in conflict with the undisputed testimony of Hervey that the arrangement was that Morris would furnish the money for the purchase of the business; that Hervey would operate the business and take therefrom a fixed salary and apply the profits, after operating expenses were paid, to the repayment of the purchase money and after the money was paid back the net profits would then be divided fifty-fifty, and the property owned equally.

Such arrangement as shown by this testimony constituted a partnership. 54 O. S. 1941 §1 defines a partnership as follows:

"Partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them."

The fact that Morris was to take all the net profits until the amount of the money he had advanced was paid is not material. The overall arrangement constituted carrying on of business together and a division of its profits.

The jury by its verdict found that a partnership existed, and there was sufficient evidence to support its finding.

The rules stated in the syllabus in Garrett et ux. v. Harrell, 193 Okla. 662, 146 P. 2d 829, are here applicable:

"A community of interest in the profits or joint ownership of property resulting from the union of money and skill, or money and labor, and the party investing the money is to be repaid a fluctuating amount of the profits, may constitute a partnership between the parties.

"Where the question of the existence of a partnership is in issue, and there is evidence reasonably tending to establish a partnership under the law, such evidence is sufficient to support a verdict of the jury sustaining the allegation of partnership."

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J. and BAYLESS, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.