## FERGUSON v. LAMBERT.

No. 33905.   Dec. 12, 1950.

*225 P. 2d 354.*

Arthur H. Dolman, of Oklahoma City, for plaintiff in error.

Carmon C. Harris, of Oklahoma City, for defendant in error.

LUTTRELL, J.   This is a replevin action to recover possession of a motorboat, brought by T. B. Ferguson, plaintiff, against defendants, Troy R. Lambert, doing business as Lambert Investment Company, and C. B. Capshaw. Defendant Capshaw filed an answer and cross-petition seeking to recover from plaintiff the sum of $1,310 for labor and material paid for by him in repairing the motorboat. Defendant Lambert, by his answer, claimed ownership of the motorboat by virtue of a bill of sale from one C. B. Crouch, and

prayed, in the event the court found plaintiff to be the owner of the property, that he be adjudged to have a lien on the boat for $1,100, which was the amount of the purchase price paid by him to Crouch, and· an additional sum of $784.99 expended by him in making repairs upon the boat.   Plaintiff's reply was a general denial.   The trial court directed a verdict against Capshaw, directed a verdict against Lambert as to the amount of $784.99 claimed to have been expended by him in repairing the boat, but submitted to the jury the question of whether the plaintiff was entitled to recover possession of the boat as against Lambert.   The jury returned a verdict in favor of Lambert, and the trial court rendered judgment thereon decreeing that plaintiff was the owner of the boat and entitled to possession thereof, but that Lambert had a lien upon the boat in the sum of $1,100 and was entitled to possession thereof until that amount was paid to Lambert by plaintiff. Plaintiff appeals.

Plaintiff contends that the evidence is insufficient to sustain the verdict and judgment in favor of Lambert, and that the trial court erred in overruling his motion for a directed verdict against Lambert.   With this contention we agree.

The record shows that plaintiff was the owner of the motorboat, and that the defendant Capshaw was a friend of plaintiff; that plaintiff consulted with Capshaw relative to the repairing of the motorboat, which had been partly destroyed by fire, and that at Capshaw's suggestion the boat was taken by Capshaw to a repair shop operated by C. B. Crouch for the purpose of being repaired.   Plaintiff testified that he understood the shop was owned by Capshaw and that Capshaw was to have the boat repaired at his own expense in return for being permitted to use the boat for a certain period of time. Capshaw testified that he acted merely as a friend in having the boat repaired for Ferguson, and that he had no agree-

ment whatever either to buy the boat, or an interest therein, or to have the use thereof. He testified that Crouch performed certain services upon the motorboat, such as taking the motor out, putting in a new instrument panel, putting in lights and a new transmission, and that he, Capshaw, paid other persons in connection with repairs on the boat the sum of $1,310 out of his own pocket. The evidence does not reflect that he ever made a statement of these expenses to Ferguson, or that he attempted to collect that amount from Ferguson prior to the bringing of this action.

The defendant Lambert testified that while Crouch was in possession of the boat he loaned Crouch the sum of $1,100, taking the boat as security, and that when Crouch was unable to pay the loan when due he paid Crouch an additional $60 and received a bill of sale for the boat. It appears that at about the time of the sale of the boat to Lambert Crouch also disposed of the shop operated by him and went to some island in the South Pacific. Lambert contends that Crouch had a lien upon the boat dependent upon possession by virtue of the provisions of 42 O.S. 1941 §91, and that the bill of sale from Crouch to him operated as an assignment of Crouch's lien.

The only testimony as to any claim of Crouch against the boat for services rendered was given by Capshaw, who testified that Crouch told him that he had a claim of $1,100 for work done on the boat, and that he, Capshaw, advised Ferguson of this claim. This was denied by Ferguson. There is no testimony reflecting the amount of time spent by Crouch in making repairs upon the boat, or the value of the time so spent, or the reasonable value of the various services performed by him, and there is no evidence of any admission by Ferguson that he was indebted to Crouch in any sum, or that Crouch had ever claimed or asserted a lien upon the boat for services.

This evidence was, in our judgment, wholly insufficient to establish the amount and value of the services performed by Crouch in repairing the boat, or to show that Ferguson was indebted to him in any amount therefor.

In Holmes Oil Co. v. Rule, 180 Okla. 405, 70 P. 2d 86, an action to foreclose a mechanic's lien, we said:

"The instant lawsuit is governed by the same rules of evidence, the same burden of proof and the same requisites as other lawsuits in general. The burden of proof was upon the plaintiff. He was seeking to avail himself of a remedy which was purely statutory. It was incumbent upon him to produce evidence which with some degree of certainty would have indicated how much of his time was used on the property which he would subject to a lien, and the value of said time. This is the recognized duty of the plaintiff in all lien cases. Whether the debt is for labor or material the principle is the same."

In 33 Am. Jur. p. 443, section 50, the general rule is stated as follows:

"In accordance with established principles governing the burden of proof in civil actions generally, the burden of proving every fact essential to the establishment of a lien is upon the party claiming it. On the other hand, the burden of proving an affirmative defense rests upon the party who asserts it."

The claim of Crouch, if any claim was asserted by him, was in the nature of an unverified open account for the various items of services performed by him upon the boat. In Parmenter v. Douglass Tank Co., 115 Okla. 193, 241 P. 471, referring to the proof necessary to establish such an account, we said:

"If the account is not verified, then a general denial of defendant puts its correctness in issue. The proof necessary to make out a prima facie case as to the correctness of the account is testimony of one who knows that the work was done and the materials

652

were furnished and the prices stated were charged; . . ."

In Hedlund v. Brogan, 167 Okla. 393, 30 P. 2d 164, we said that in an action to foreclose a lien the primary purpose was the establishment of a debt, and that until the debt was established there could be no lien for the debt.

It is obvious that the evidence above set forth was wholly insufficient to establish a debt owing from Ferguson to Crouch, since it wholly fails to show either the extent or value of the work performed upon the boat by Crouch. This was apparent to the jury in the case, which, as the record shows, advised the court that it was unable to reach a verdict for the reason that the evidence was insufficient to justify a lien for $1,100, but that it did not feel like giving the plaintiff back a new boat for an old wreck. However, after being directed by the court to make a further effort to reach a verdict, it rendered a verdict for the defendant Lambert.

Under the rule announced in Sherrill v. Sovereign Camp W.O.W., 184 Okla. 204, 86 P. 2d 295, and Great Northern Life Ins. Co. v. Farmers Union Co-Op. Gin Co., 181 Okla. 370, 73 P. 2d 1155, the cause is reversed, with directions to grant plaintiff a new trial.

DAVISON, C.J., ARNOLD, V.C.J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.