## BOND v. CORNELL.

No. 34051.   April 17, 1951.

*230 P. 2d 476.*

Jack W. Page, Oklahoma City, for plaintiff in error.

Edward Spiers, Oklahoma City, for defendant in error.

LUTTRELL, V.C.J. This is an action on account for the rental of various items of oil field equipment, brought by plaintiff, Cornell, against the defendants, B. T. Murphree and Reford Bond, Jr., alleged to be copartners doing business as Murphree & Bond Drilling Company. After plaintiff had produced his evidence and rested, defendant Murphree moved for a directed verdict on the ground that, as stipulated between the parties, he had been adjudicated a bankrupt prior to the trial of the case. The trial court sustained his motion and directed a verdict in his favor. Thereupon defendant Bond demurred to the plaintiff's evidence, and moved for a directed verdict, which was by the court denied. Thereupon plaintiff moved the court to direct a verdict in his favor against the defendant Bond, which motion was by the trial court sustained, and the

jury directed to return a verdict against Bond. From a judgment rendered on the verdict, defendant Bond appeals.

Bond does not contend that the trial court erred in rendering a judgment against him individually without rendering a judgment against the partnership. This apparently for the reason that, as stated in 68 C.J.S., p. 850, §340, the partnership was dissolved by the adjudication of Murphree as a bankrupt, and in Moore v. Diehm, 200 Okla. 664, 199 P. 2d 218, we held that where the partnership had been dissolved prior to the commencement of the action, judgment on a partnership obligation could be rendered against either party individually. We think the same rule would obtain in this case, although the defendant Murphree was not adjudicated a bankrupt until after the action was filed. The defendant Bond in his verified answer denied that he and Murphree were partners doing business as Murphree & Bond Drilling Company.

The sole contention of the defendant Bond is that the evidence was insufficient to establish a partnership relation between him and the defendant Murphree during the time the equipment was rented. He states the proposition in his brief as follows:

"The only question of law involved herein is whether or not the evidence on behalf of the plaintiff was sufficient to sustain the court's action in directing a verdict in favor of the plaintiff and against the defendant Reford Bond, Jr."

This requires a brief resume of the evidence.

Plaintiff testified that he was in the business of renting oil field equipment; that the defendant Murphree, in April, 1947, came to his place of business and informed him that he and Bond were partners, and were buying a rig which they were moving into the Moore field in Oklahoma and Cleveland counties, and that the partnership wished to rent certain equipment; that thereafter either Murphree or other parties claiming to be employees of Murphree & Bond Drilling Company rented various pieces of equipment at his place, the account amounting in all to $3,500; that on October 31, 1947, a $1,000 payment on the account was made by check, and that the balance due and unpaid was $2,523.09. He introduced vouchers and a ledger sheet to substantiate his testimony as to the various items of the account and the amount due, unpaid and owing. He further introduced in evidence two assignments of bottom hole contribution money, both made on November 8, 1947, signed by Murphree & Bond Drilling Company, a partnership, by B. T. Murphree, a partner, and Reford Bond, Jr., a partner. These instruments recited that on October 10, 1947, contracts were entered into whereby the partnership was to be paid certain sums of money after they drilled a well in the State of New Mexico to a certain depth, and the instruments introduced in evidence purported to assign these contracts to Bethlehem Supply Company. Bond objected to the testimony of plaintiff as to the statements made by Murphree and others concerning the partnership, as none of them were made in his presence, but the trial court admitted them subject to their being connected up. Bond, who was placed on the witness stand by plaintiff, admitted that the signatures on the two assignments of bottom hole contracts were his signature. This was all the evidence produced.

Bond contends that this evidence was not sufficient to establish a partnership during the period in which plaintiff's account accrued, which was from April, 1947, to September, 1947. He says that his signature on instruments dated November 8, 1947, which showed the existence of a partnership between him and Murphree under the style of Murphree & Bond Drilling Company, is not sufficient to establish the existence of the partnership prior to that date, and that the statements made by Murphree

to plaintiff were not admissible against anyone but Murphree.

While no cases are cited by defendant in support of either of the propositions above stated, investigation discloses that this court has passed upon both. Thus, in Champlin Refining Co. v. Smith, 190 Okla. 287, 123 P. 2d 253, we said:

"Proof of the existence of a condition or state of facts at a given time does not raise any presumption that the same condition or state of facts existed at a prior date."

And in State ex rel. Mothersead v. Mobley, 112 Okla. 152, 241 P. 155, and Vacuum Oil Co. v. Quigg, 127 Okla. 61, 259 P. 858, we held that a condition shown to exist at a certain time did not raise the presumption that such condition existed on a prior date. Under these authorities evidence that a partnership existed between Bond and Murphree in October, 1947, was not evidence of the existence of such partnership in April, 1947.

As to the second proposition advanced by defendant as above set forth, we held in Williamson-Halsell-Frazier Co. v. London, 154 Okla. 24, 6 P. 2d 671, and in Henderson v. Trammell Oil Co., 159 Okla. 250, 15 P. 2d 44, that a statement by one person that another was a partner in business with him, not made in the presence of the other person attempted to be held as a partner, was not binding upon such other person. Under these authorities the statement made by Murphree to plaintiff was not binding upon the defendant Bond, and was insufficient to establish the partnership as against him.

Plaintiff in his brief asserts that the evidence was amply sufficient to sustain the judgment, and says that certain latitude is permitted by the court and jury in determining the partnership, citing Morris v. Norris, 199 Okla. 637, 189 P. 2d 950, and Hotel Tulsa Tailors v. Tulsa Industrial Loan & Investment Co., 167 Okla. 472, 30 P. 2d 682. Examination of these cases discloses that in neither is a situation similar to that in the instant case involved. Plaintiff does not undertake to explain how two items of incompetent evidence, each in itself wholly insufficient to establish the fact sought to be proved, may be combined to conclusively establish such fact, and without assistance we are unable to solve the problem. If, in fact, the partnership was in existence in April, 1947, it should not be a matter of great difficulty to obtain and produce competent evidence tending to establish such fact.

Under the rule announced in Ferguson v. Lambert, 203 Okla. 650, 225 P. 2d 354, and cases therein cited, the evidence being insufficient to sustain the judgment, the cause is reversed, with directions to grant a new trial.

ARNOLD, C.J., and WELCH, CORN, GIBSON, DAVISON, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.