## INCORPORATED TOWN OF COMANCHE v. WORKS.

No. 8763—Opinion Filed April 9, 1918.

(172 Pac. 60.)

1. **Appeal and Error—Pleading—Theory of Case Below—Change on Appeal—Objections.**

The parties to an action, having presented their case, or defense, to the trial court upon a certain, definite theory, are bound thereby and will not be permitted to change the theory of the case, either at any subsequent stage in the trial court, or in the appellate court upon appeal.

2. **Appeal and Error—Questions of Fact—Review.**

In actions at law the finding and verdict of the jury upon questions of fact, reasonably supported by the evidence, will not be disturbed by the appellate court.

3. **Electricity—Action for Services—Verdict—Sufficiency of Evidence.**

Record examined, and held, that the verdict is supported by the evidence.

(Syllabus by Galbraith, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Action by G. W. Works against the Incorporated Town of Comanche. Judgment for the plaintiff and defendant appeals. Affirmed.

J. B. Wilkinson, for plaintiff in error.

A. W. Reynolds and Chas. L. Moore, for defendant in error.

Opinion by GALBRAITH, C. This lawsuit resulted from a disagreement between the owner of an electric light plant and the municipal corporation over an account for services for lights furnished under an ordinance directing an extension of the plant and an agreement of the town to use and pay for a certain number of lights on such extension as provided in the franchise under which the plant was established and operated. The defendant in error, as owner of the plant, contends that the town council of Comanche had ordered him to make certain extensions to the plant in the month of October, 1908, and agreed to put up and pay for a certain number of lights per block on such extension; that the extension was made as directed by the ordinance and according to the plat furnished by the council, and maintained from December 1, 1908, to June 1, 1910; that the town council failed, neglected, and refused to pay for the full number of lights it was obligated to subscribe for under the provisions of the franchise and as it had agreed to do; and that he had furnished the service and fully com-

plied with his part of the obligation, and the town was indebted to him for such services in the sum of $1,120. The town answers denying generally and specifically, and also denied liability for the special reason that the ordinance under which the extension of the plant was made was void. There was a trial to the court and a jury, and a verdict and judgment against the town of $550, from which this appeal was prosecuted.

In submitting the case to the jury, the court in its instructions stated the issues as follows:

"In this case, gentlemen of the jury, you are instructed that if you find by a preponderance of the evidence that the plaintiff and defendant entered into an agreement whereby the light plant was to be extended as has been testified to in your hearing, and you further find that the defendant through its duly elected and qualified board of trustees subscribed for or agreed to pay for a certain specified number of lights per block including said extension, you should find for the plaintiff and assess his recovery at such sum as you find him justly entitled to under the evidence in this case, in no event to exceed the sum sued for; or should you find that the agreement for the extension was made as alleged, and that the ordinance or franchise under which said electric light plant was constructed, operated, and maintained, made it compulsory and required that the city should subscribe for and use a certain specified number of lights, or a specific candle power, and you further find that the plaintiff fulfilled his part of the agreement, erected and maintained the extension as alleged, then you should find for the plaintiff and assess his recovery at such a sum as you find him entitled to under the evidence and the terms and conditions of the ordinance and franchise, if any.

"On the other hand, you are instructed that, should you fail to find by a preponderance of the evidence that the agreement between plaintiff and defendant for the extension of said electric light plant was made, then you should find for the defendant; or, should you find from all the facts and circumstances in evidence that the plaintiff voluntarily erected and maintained the extension of said light plant as has been testified to in your hearing without a specific agreement and understanding with the defendant through its then acting council, then you are instructed that he would not be entitled to recover and you should so say in your verdict."

These instructions were not excepted to nor were any special instructions submitted or requested, either objecting to the theory upon which the cause was submitted to the jury or requesting that it be submitted upon some other theory. The parties are there-

fore held to have consented to the cause being submitted upon the issue as stated by the court in the above instructions. Wallace v. Killian, 40 Okla. 631, 140 Pac. 162. Therefore the contention of the plaintiff in error that the cause was submitted to the jury upon the wrong theory—that is, that the plaintiff's cause of action, if any, was for damages for breach of contract and not on account, and that the cause should have been submitted on that theory—must be denied. Horne v. Oklahoma State Bank, 42 Okla. 37, 139 Pac. 992.

Again, it is contended by the plaintiff in error that the verdict and judgment were not supported by the evidence. An examination of the testimony shows that there was testimony by the defendant in error, and by the party who was clerk of the town council at the time the extension of the plant was ordered, to the effect that an agreement as contended by the defendant in error was entered into between him and the town council. The case was submitted to the jury upon this single issue. The verdict was responsive to the issue upon which the case was submitted, and the same, being reasonably supported by the evidence, is conclusive upon this appeal. McConnell v. Watkins, 42 Okla. 214, 140 Pac. 1167.

The assignment to the overruling of the demurrer to the evidence is not well taken, for the reason that there was competent evidence tending to support the contention made by the defendant in error, and that to the overruling of the demurrer to the first, second, and third amended petitions is not well taken, since no one was injured by such ruling, inasmuch as the case was not tried upon any one of these pleadings, but upon an amended pleading filed without objection, the sufficiency of which was not challenged by demurrer or in any other proper manner.

The assignment as to the admission of incompetent, irrevelant, and immaterial testimony does not raise any questions for review upon this appeal, since the objectionable testimony is not set out in printed brief or otherwise identified.

It therefore appears that no one of the errors assigned are well taken, and that the judgment appealed from should be affirmed.

By the Court: It is so ordered.