## PACE v. CONTINENTAL SUPPLY CO.

No. 16853—Opinion Filed Dec. 21, 1926.

**Appeal and Error—Pleading — Theory of Case Below—Change on Appeal—Objections.**

The parties to an action, having presented their case, or defense, to the trial court upon a certain, definite theory, are bound thereby and will not be permitted to change the theory of the case, either at any subsequent stage in the trial court, or in the appellate court upon appeal.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by George L. Pace to vacate judgment in favor of the Continental Supply Company. Motion overruled and movant appeals. Affirmed.

J. H. Foster and Womack, Brown & Cund. for plaintiff in error.

Keaton, Wells & Johnston and E. H. Bond, for defendant in error.

Opinion by ESTES, C. The Continental Supply Company had judgment in the district court of Stephens county against George L. Pace, plaintiff in error, from which the latter appealed to this court, his appeal having been dismissed for failure to file

same within the statutory time. Pace v. Continental Supply Co., 107 Okla. 223, 232 Pac. 1117. Thereafter, Pace filed motion in said cause in the district court to vacate said judgment, alleging that the action was against a partnership composed of himself, J. O. Galloway, and Ralph W. Day; that plaintiff had dismissed said cause against Galloway and Day, and therefore the district court had no jurisdiction to render a personal judgment against him, because one member of a partnership cannot be sued for the debt of the firm without joining all the members as defendants—that a general partner under section 8126, C. O. S. 1921, is liable to third persons for the obligation of the partnership, jointly with his partners, and not otherwise. From judgment of the court overruling his motion, Pace prosecutes this appeal. Being a collateral attack upon the judgment, it is incumbent upon Pace to show want of jurisdiction. No extrinsic fraud or failure of service is alleged. His nonjurisdictional claim is based solely on the law and facts so as aforesaid, and thus presents such single question for determination in this appeal.

In the style of the cause, plaintiff named said three defendants, describing them as "doing business under the partnership style of Galloway, Day & Pace." The petition, in substance, alleged simply that the defendants, naming the three, were indebted to the plaintiff on verified itemized account for oil well pipe and supplies, including appropriate allegations in such action. Thereafter there was filed a written stipulation between plaintiff and defendant Pace, specifying time to be given Pace to plead and specifically entering his general appearance. On the same day said stipulation was filed. plaintiff filed dismissal of the cause without prejudice as to the other defendants, Galloway and Day. Thereafter Pace filed his separate verified answer denying that the three ever were partners, denying the correctness of the account, and setting upon his own behalf certain matters which, if true, constituted defense to the action in toto. Plaintiff joined issue by reply. Among other things, plaintiff's testimony tended to show such partnership. The testimony of Pace was positive to the effect that there was no partnership, and, while admitting that he had agreed with plaintiff personally to pay one-third the cost of the wares, his evidence tended to prove the other matters as a defense against the action in toto.

It is clear from the foregoing that the court had jurisdiction of the person of de-

fendant and of the subject-matter. Plaintiff did not recover the full amount claimed. The judgment against Pace became final by his said failure to have the same reviewed on appeal. It is well settled that the parties to an action, having presented their case, or defense, to the trial court upon a certain, definite theory, are bound thereby, and will not be permitted to change the theory of the case either at any subsequent stage in the trial, or in the appellate court on appeal. Incorporated Town of Comanche v. Works, 69 Okla. 244, 172 Pac. 60. Pace defended as in an action for individual liability. Under this verified denial of partnership and his positive testimony supporting the same, how can Pace now be heard to say that the judgment against himself alone is void because plaintiff sought to prove the partnership after dismissing as to said two? Let it be conceded, as contended by Pace under said statute supra, and held in Spangenberg v. Gallena Perforating Co., 92 Okla. 185, 218 Pac. 804, that one member of a general partnership cannot be sued for the debt of the firm without joining all members of the firm as defendants. Under his answer, the cause was not tried on the partnership issue alone. If it had been, plaintiff would have to abide the law of that issue. The rule that the court has jurisdiction to render judgment for or against one or more of several plaintiffs, and for or against one or more of several defendants, is broad enough to admit of a judgment being recovered against one person sued as a partner. In North Star Boot & Shoe Co. v. Stebbins (S. D) 54 N. W. 593, the court quotes from Bates on Partnership section 1094:

"When several persons are sued as partners, and part only are proved to be liable, or authorized the contract or are found to be partners, it is now nearly everywhere the rule that, in actions on contract, as well as in tort, judgment may be rendered against them, and for the others."

Pace could and did waive his immunity from individual judgment, by denying the partnership and defending on other grounds, though losing on such theory. Notwithstanding the rule under said statute now invoked by him, he could have been held individually by special agreement with plaintiff to pay, or otherwise, even though plaintiff's theory was that he belonged to a partnership. The correctness of the judgment is not before us in reviewing this collateral attack thereon, but jurisdiction only. The cause proceeded, by the answer of Pace, on the issue of his individual liability for the whole debt and we cannot here inquire

whether the pleadings should have been, or were considered in law to have been, amended. Nor is the rule invoked by Pace, that a judgment without the issues may be void in certain cases, applicable. The judgment complained of was not void. Let the judgment overruling plaintiff's motion to vacate the same be affirmed.

Proper application being made for judgment against the sureties on the supersedeas bond of plaintiff in error, it is considered that the same ought to be awarded. It is therefore ordered and adjudged that the Continental Supply Company, a corporation, do have and recover judgment against H. A. Muse and E. E. Brown, sureties herein on the supersedeas bond of George L. Pace, plaintiff in error, for the sum of $1,187.82, with interest thereon at six per cent. per annum from January 9, 1924, until paid, and costs of this action, for all of which let execution issue.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 718, §618; 2 R. C. L. p. 79; 1 R. C. L. Supp. p. 387; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp. p. 68; 6 R. C. L. Supp. p. 65.