## HUNT v. VAN SICLEN.

No. 18471. Opinion Filed Dec. 11, 1928.
Rehearing Denied April 9, 1929.

A. F. Moss and H. R. Young, for plaintiff in error.

Geo. W. Reed, Jr., for defendant in error.

MASON, V. C. J. Plaintiff in error was defendant and defendant in error was plaintiff in the trial court, and they will be designated herein as in the trial court.

Plaintiff's petition contained six causes of action against the defendant and the judgment of the trial court was for the plaintiff in all except the sixth, which is not involved in this appeal. Defendant, as plaintiff in error, presents no argument as to wherein the trial court erred in rendering judgment for the plaintiff as to causes numbers 2 to 5, inclusive, and, therefore, his appeal as to such causes will be considered as waived.

In the first cause of action, plaintiff set up a certain written contract between plaintiff and defendant by which the defendant employed plaintiff to render certain services in drawing plans for and in superintending the construction of a ten-story building on grounds owned by the defendant in the city of Tulsa. Plaintiff then pleads that the defendant breached this contract after the plaintiff had prepared such plans and specifications, and after a portion of

the construction work had been done. Under the terms of the contract, the plaintiff was to receive a consideration of $4,000 and one-third of the difference, if any, between the actual cost incurred in the construction of said building and a certain fixed sum. Plaintiff's petition then alleges:

"That the fair, reasonable, customary, usual and ordinary charges, fees and compensation paid to architects in this community at that time, and which this plaintiff is entitled to recover for such services rendered **and which defendant agreed to pay** for drawing said front elevations and plans and specifications for said building; * * * to secure the best materials, workmanship and most economic plans for the erection of a first class building, is 3% of the estimated cost of the construction of said building, and that the estimated cost of said building was and is $410,391.52, of which said sum 3% amounts to the sum of $12,311.74.

"That the fair, reasonable, customary and ordinary charges, fees and compensation for such services rendered, as hereinabove set out, in giving his necessary time and attention to the construction of said building, and supervising and superintending the same, as provided in said contract, from the time it was commenced until plaintiff was notified, as hereinabove alleged, that said defendant, Daniel Hunt, Sr., had dismissed him from any further service in connection with the said building, or any building that might thereafter be erected on said lots, was 2% of the cost of digging and excavating for the foundation and basement, * * * which had been constructed and completed at the time said notice was served upon said plaintiff, which amounts to three hundred and ten ($310.00) dollars.

"That said defendant, Daniel Hunt, Sr., by reason of the facts as hereinabove alleged, became indebted to this plaintiff in the aggregate sum of twelve thousand six hundred twenty-one and 74/100 ($12,621.74) dollars, upon which he has paid the sum of twelve hundred and fifty ($1 250.00) dollars, as shown by the itemized statement attached hereto and marked 'Exhibit B,' leaving a balance due this plaintiff of eleven thousand three hundred seventy-one dollars and 74/100 cents ($11,371.74), with interest thereon at the legal rate from August 30, 1921."

Defendant pleaded several defenses which are not material herein. Upon trial to the court, without a jury, plaintiff introduced said written contract of employment in evidence; also evidence of its breach by the defendant and evidence of the reasonable value of the services performed by the plaintiff. The court found the issues in favor of the plaintiff, and rendered judgment in his favor on the first cause of action in

the sum of $11,371.74, from which the defendant appeals.

For reversal, counsel urge that plaintiff's first cause of action was founded on an express contract and that the court erred in allowing a recovery upon quantum meruit when the proof failed to show the express contract pleaded. This contention is based upon the words, "and which defendant agreed to pay," which follow the allegations of plaintiff's petition relative to the reasonable and customary compensation for such services as those performed by the plaintiff. The record, however, discloses that at no time in the trial of the action did the defendant object to the introduction of proof on quantum meruit and the reasonable value of the services rendered, on the ground that plaintiff's first cause of action declared upon an express contract.

The rule has been announced by this court many times that parties to an action, having presented their case or defense to the trial court upon a certain theory, are bound thereby, and will not be permitted to change the theory of the case upon appeal. Incorporated Town of Comanche v. Works, 69 Okla. 244, 172 Pac. 60.

Counsel for defendant, in his opening statement in the trial court, said:

"My judgment is, under the law, that the recovery of the plaintiff, **while it is on a quantum meruit**, is controlled by the part and portion of the services performed under the contract at the contract rate. * * * I say, whatever the last petition is that is filed, that petition does not state a cause of action for the reason that **it predicates its recovery upon a quantum meruit**, wholly independent of the rate of compensation fixed by the contract." (Meaning the written contract between the parties, dated December 10, 1920.)

Therefore, as far as this appeal is concerned, we might concede that the use of the words, "and for which the defendant agreed to pay," constituted a declaration on an express contract instead of quantum meruit, and that there was no evidence in support of such allegation of a special contract, but the evidence went only to the reasonably value of such services. The most serious complaint that the defendant could make in that event would be that there was a variance between the pleading on a special contract and proof of quantum meruit. Such variance would not be material, because the defendant was not misled to his prejudice in making his defense, and the judgment should not be reversed on account thereof.

In Scott et al. v. Jordan, 55 Okla. 708, 155 Pac. 498, the rule is stated as follows:

" 'No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits.'

"This objection is extremely technical, and to reverse this judgment on account thereof would be an injustice, for the record discloses that the defendants had a fair and impartial trial, and no rights of theirs were in the least jeopardized."

This contention of counsel in the case at bar is not only extremely technical and without merit, but was waived by failure to present specifically that ground of objection when testimony of the reasonable value of the plaintiff's services was offered. City of Guthrie v. Finch, 13 Okla. 496, 75 Pac. 288; Lowenstein v. Holmes, 40 Okla. 33, 135 Pac. 727.

Counsel next urge that the plaintiff pleaded and proved a written contract fixing the value of his services at $4,000, and that the trial court committed reversible error in rendering judgment for the plaintiff in excess of such amount.

We have no fault to find with the cases cited by defendant which hold that the measure of recovery in an action on quantum meruit, where the evidence establishes a special contract, is limited to and must not exceed the amount specified in the contract. Such rule, however, is not applicable herein by reason of the following paragraph of the original contract between the parties which counsel, no doubt, have overlooked:

"It is hereby mutually understood and agreed by the parties hereto that the building is to cost approximately fifty cents (50c) per cubic foot, and in case the said architect and builder succeed in having the building completed as stated in their contracts at a cost at less than fifty cents per cubic foot, then the architect is to receive one-third (1/3) of such saving to the owner as additional compensation from that as set forth in this contract ($4,000.00); it being specifically agreed and understood, however, that the quality of material and workmanship of said building is in no way to be affected by this clause."

It is true that the amount of compensation under this paragraph was indefinite and uncertain, as well as impossible of being calculated where the plaintiff was not permitted to perform the contract in its entirety, but this probably is the reason plaintiff sought to recover on quantum meruit. The

rule is well settled that where a party to a contract is wrongfully prevented by the other from entirely performing his part of the contract, the one prevented from so doing has his election of remedies as follows:

(a) He may sue on the contract for the damages he has sustained by reason of the breach; or,

(b) He may consider the contract terminated by the breach and sue on the quantum meruit under an implied contract and recover for his services and the amount expended by him on the contract: or,

(c) He may have recourse to equity and compel a specific performance of the contract (if it be a contract of a nature specifically enforceable in equity). Elliott on Contracts, section 2095; Levin v. Hunt, 70 Okla. 63, 172 Pac. 940.

The evidence herein amply supports the judgment of the trial court as to the reasonable value of the services performed by the plaintiff. In fact, no complaint is made thereto by the defendant.

From an examination of the entire case, we are of the opinion that the case was fairly tried and the judgment of the trial court is just and should be, and the same is, affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, RILEY, and HEFNER, JJ., concur.