Radel *v.* Seib et al.

Argued December 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*G. A. Troutman,* and with him *J. W. McWilliams* and *C. S. Wesley,* for appellant.

*Herman P. Abramson,* and with him *Samuel F. Pepper,* for appellee.

OPINION BY STADTFELD, J., March 7, 1932:

This is a workmen's compensation case, arising under the Act of June 2, 1915, P. L. 736. A claim petition was filed by Samuel Radel, the father and next friend of Isadore Radel, a minor, on August 21, 1929, against E. P. Rickly and Company. An answer was filed by E. P. Rickly and Company, through its insurance carrier, Aetna Life Insurance Company, and a petition to intervene by the latter.

The claim petition alleged that the minor was employed by E. P. Rickly and Company, and sustained injuries to his left eye on August 23, 1928, which resulted substantially in the entire loss of the sight of this eye.

The matter was referred to Referee Herman H. Mattmann, and hearing on the same had on March 19, 1930. At this hearing, a petition by the claimant to amend the name of the defendant from E. P. Rickly and Company to Rickly Brothers was presented. Evidence was introduced to show that E. P. Rickly and Company was a partnership composed of Ernest P. Rickly and Milton C. Seib; and Rickly Brothers was a partnership composed of Harry E. Rickly, Walter E. Rickly and Ernest P. Rickly. The referee refused to permit the amendment, and disallowed the claim petition on March 21, 1930. An appeal was taken to the Workmen's Compensation Board on April 5, 1930, and this board remitted the record to the referee for further hearing and determination.

The partnership of Rickly Brothers was served with the amended claim petition, and thereupon filed an answer, formally denying the averments of the claim petition, and particularly averring that no claim petition had been filed against the defendant within one year from the date of the alleged accident in accordance with the provisions of the Workmen's Compensation Law, and that defendants had no notice of any proceedings prior to the service of the amended claim petition upon them. They further denied that Isadore Radel was an employee at the time of the alleged accident.

After a rehearing before the referee, the referee made his findings, inter alia, that on August 23, 1928, Isadore Radel, the claimant, was working in the employ of Rickly Brothers. That Rickly Brothers were insured by the Standard Accident Insurance Company:

that the attorney for the insurance carrier appeared as counsel for said Rickly Brothers, examined and cross-examined the witnesses, and also made a motion to amend the answer filed, to include a defense of illegal employment in that the claimant was under the age of sixteen years at the time of the accident, and had not filed an employment certificate with his employer.

The referee further found as a fact that Ernest P. Rickly was a member of both copartnerships, and had notice of the accident and of the filing of the claim petition within a year after the happening of the accident. The referee further found that the Standard Accident Insurance Company is the real defendant, and that it had notice of the accident and filing of the claim petition; that it rendered medical services necessary for the examination of the claimant, and treated the case as if the petition were properly filed against its assured. The referee thereupon amended the record, making the Standard Accident Insurance Company, insurance carrier for Rickly Brothers, the defendant, and made an award against said company.

From the award of the referee, the Standard Accident Insurance Company appealed to the Workmen's Compensation Board.

The award was confirmed by the board, and thereupon an appeal was taken to the court of common pleas No. 2 of Philadelphia County, which court in a per curiam opinion on October 6, 1931, dismissed the exceptions, and entered judgment in favor of the claimant in the amount of $1,144. The present appeal from this judgment is by the Standard Accident Insurance Company.

The assignments of error raise the following questions: (a) Was the amendment substituting the partnership of Rickly Brothers in place of E. P. Rickly and Company properly allowed because not filed or

made within one year from the date of the accident?
(b) Was the failure of the claimant to file an employ-
ment certificate such a violation of the Child Labor Act
of 1915, P. L. 286, as to bar a recovery?

As to the amendment changing the name of the em-
ployer in the claim petition from E. P. Rickly and Com-
pany to Rickly Brothers: E. P. Rickly and Company
was a copartnership composed of Ernest P. Rickly and
Milton C. Seib; Rickly Brothers was a copartnership
composed of Harry E. Rickly, Walter E. Rickly and
Ernest P. Rickly.

Ernest P. Rickly was a member of both firms. The
liability of a copartnership is both joint and several.
In a suit against a copartnership, service on one of its
members is effectual to bind the individual served as
also to reach the assets of the copartnership. She-
lansky v. Weinfeld, 82 Pa. Superior Ct. 180.

Ernest P. Rickly was properly served, and upon the
record.

The Act of May 4, 1852, P. L. 574, Section 2 (West,
Sec. 17264), provides: "All actions pending or here-
after to be brought in the several courts of this Com-
monwealth and in all cases of judgments entered by
confession, the said court shall have power at any stage
of the proceedings to permit amendments by changing
or adding the name or names of any party plaintiff or
defendant whenever it shall appear to them that a
mistake or omission has been made in the name or
names of any such parties."

Statutes of amendment are liberally construed to
give effect to their clearly defined intent to prevent
a defeat of justice through a mistake as to parties or
the form of action: Wright v. Eureka Tempered Cop-
per Company, 206 Pa. 274. In that case, the writ was
issued against "Eureka Tempered Copper Company,
a corporation" which, though in existence, had not
been in active business. After the statute of limita-

tions had operated, an amendment was requested and permitted to change the defendant to "Eureka Tempered Copper Works," which was the responsible defendant. The reason for allowance of the amendment was that the service was made upon the manager of the "copper works" though the writ indicated that he was the manager of the "copper company." The court, in setting aside the sheriff's return, said (p. 276):

"He (plaintiff) served the right party, the manager of the copper works and thus brought the company into court under a wrong name.

"The mistake in bringing the suit was in the name of the party actually summoned, and not in suing the wrong party, and the amendment should have been allowed."

To the same effect, White Company v. Fayette Automobile Co., 43 Pa. Superior Ct. 532.

In Dress v. Schuylkill Railway Company, 83 Pa. Superior Ct. 149 (1924), in which suit was brought against "Schuylkill County Railway Company," a distinct and separate corporation from the "Schuylkill Railway Company," the latter was the responsible defendant. The sheriff's writ showed that service was made as ordered in the writ, upon the manager of the "Schuylkill County Railway Co.," though he was manager of the "Schuylkill Railway Co." After the two year period the court permitted an amendment deleting the word "county," and making "Schuylkill Railway Co.," the party defendant.

The court in that case said, p. 153: "On the facts shown we must hold that the right party, that is, the party intended by the plaintiff though wrongly designated in the writ, was served; that party was not misled but all along understood that it was intended. ...... The evidence does not support appellant's view that because a corporation of the name designated in the writ existed, it was brought into court, and

the amendment was an effort to substitute another. ......"

In McGinnis v. The Valvoline Oil Works, Limited, 251 Pa. 407, it was held that where a plaintiff makes a mistake in the name of the party whom he is suing, he should be allowed to correct the error, even though the statute of limitations has barred the commencement of another action on the claim.

In that case, an action of trespass for personal injuries was brought against "The Valvoline Oil Works, Limited, a corporation," and plaintiff subsequently learned that defendant was a partnership association, and not a corporation, it was error to refuse to permit plaintiff to amend the record and pleadings by striking out the words "a corporation," and adding in their stead, "a partnership association."

The case of Girardi v. Laquin Lumber Company, 232 Pa. 1, cited by appellant is distinguishable from the instant case in that the defendant named in that case was a corporation, and the proposed amendment was to substitute the names of six partners, none of whom was named in the suit as brought.

Under the Act of May 17, 1921, P. L. 682, Sec. 651 (West, Sec. 12490 B), "notice to the employer, or the employer's knowledge of an accident or injury, constituting the basis of a claim under the act shall be notice to, and knowledge of the insurer. Such agreements shall be construed to be a direct promise to the injured employee. ...... Such obligation shall not be affected by any default of the insured, after the accident ...... in the giving of any notice required by such policy or otherwise."

The referee found that the Standard Accident Insurance Company, insurance carrier for Rickly Brothers, is the real defendant in the case; that it had notice of the accident and the filing of the claim petition; that it rendered medical service necessary for

the examination of the claimant and treated the case as if the petition were properly filed against its assured, thus leading the claimant to believe that he had filed his petition against the right party. Therefore, the referee amended the record, and made the Standard Accident Insurance Company, insurance carrier for Rickly Brothers, the defendant.

The insurance company covered the liability of the firm as well as the individual members thereof.

Notice to Ernest P. Rickly was notice to the insurance carrier, and this tolled the statute of limitations. The amendment did not introduce a new cause of action, nor did it bring upon the record any parties whose partnership interests were not already bound.

We think that there was no error in allowing the amendment.

Was the employment of the minor claimant in violation employment certificates. General employment to bar a recovery?

The injury happened when the claimant was fourteen years of age.

The sections of the act relied on by the defendant, are as follows:

"Section 8. Before any minor under sixteen years of age, shall be employed, permitted or suffered to work, in, about, or in connection with, any establishment, or in any occupation, the person employing such minor shall procure and keep on file, and accessible to any attendance officer, deputy factory inspector, or other authorized inspector or officer charged with the enforcement of this act, an employment certificate as hereinafter provided, issued for said minor.

. . . . . . . . . . . . . . . . . . . . .

"Section 11. Employment certificates shall be of two classes, general employment certificates and vacation of the Act of 13th of May, 1915, P. L. 286, so as

certificates shall entitle the minor, fourteen to sixteen years of age, to work during the entire year. Vacation employment certificates shall entitle the minor, fourteen to sixteen years of age, to work on any day, except on such days as such minor is required to attend school, under the provisions of the laws now in force or hereafter enacted.''

The duty of obtaining this certificate before employing a minor is upon the employer.

As stated by the chairman of the compensation board: ''It may be that the law requires the minor, his guardian or next friend, to make application for such a permit, but the duty of seeing that it is obtained rests upon him, who would utilize the services of the infant, and the employer having been derelict in that duty, we cannot shift the responsibility to the employee.''

The cases of Lincoln v. Nat. Tube Co., 268 Pa. 504; Delaney v. Philadelphia C. & I. Co., 272 Pa. 578, and Kline v. Pittsburgh Stamp Company, 278 Pa. 467, on which appellant relies, are dissimilar from the instant case. In each of the cases cited, as stated in the opinion by the chairman of the compensation board, the statutory violation related to type and character of work which were specifically prohibited to the minor by the Child Labor Act.

In Wendell Hess v. Union Indemnity Co., 100 Pa. Superior Ct. 108, this court, through Brother GAWTHROP, in discussing the proposition whether an injury is compensable if the minor does not present a working certificate, said: ''It follows that there is a failure of proof that claimant was engaged in employment in violation of Rule M-21. But even if he were, it is more than doubtful whether the violation of this rule would constitute such a violation of law as would bar the right to workmen's compensation.''

In the case of Stenger v. Northeast Construction

Company, an appeal from the award of the referee, Legal Intelligencer for August 14, 1931, p. 992, appellant argues that the certificate required in the Hess case was created by the Department of Labor and Industry, and not a direct statutory creation, but it should be borne in mind that the department promulgated the rules pursuant to authority granted in the Child Labor Act under discussion. In that case, the commissioner in overruling the exceptions to the award said: "It is our opinion that an analysis of the Child Labor Act of 1915 will lead to the conclusion (since the Legislature has made certain employments for minors prohibitive and has only placed a duty on the employer by other sections of said act) that it meant to differentiate between an illegal employment per se and an employment calling for certain duties to be performed by the employer which might be remedied under the supervision of the proper officers. We do not believe that the Legislature intended that an employer, by not performing the duties required by the act, could take advantage of his oversight or wilful neglect and thereby defeat the purposes of the act. The equities of the case are with the claimant."

The contention of appellant in the statement of questions involved that it was never accorded an opportunity to enter a defense, is most aptly answered in the language of the referee:

"Although the claim petition was filed against E. P. Rickly & Company, the case was handled by the adjuster of, and at the office of the Standard Accident Insurance Company, the carrier for Rickly Brothers, and the claimant was examined by an eye specialist engaged by the carrier.

"(Insurance carrier) assumed the right to have a medical examination and handled the case at their

office without raising the objection that it was not their assured against whom the claim was filed.

"And treated the case as if the petition was properly filed against its assured; thus leading the claimant to believe that he had filed his petition against the right party."

We find no merit in any assignments of error, and the same are overruled and the judgment of the lower court is affirmed. Costs to be paid by appellant.