## Standard Oil Company of Pennsylvania, Appellant, *v.* Munday et al.

Argued October 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*B. D. Oliensis,* with him *Martin H. Philip* and *J. Jerome Sklar,* for appellant.

*John G. Cipko,* for appellee.

OPINION BY KENWORTHEY, J., November 13, 1942:

The Rules of Civil Procedure provide:

*"Rule 2130(a)*

Except as otherwise provided by Sub-division (c) of this rule an action against a partnership may be brought in and only in a county where the partnership regularly conducts business, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of action arose."

This action was brought against Munday, Neumiller and Shubeck, "individually and co-partners, trading as Coaldale Construction Company." It was brought in Carbon County. At the time the writ issued, the partnership had no place of business in the county and neither the cause of action nor any transaction or occurrence out of which the cause of action arose took place in the county.

Neumiller was a resident of Carbon County. He was served there. He entered a general appearance. Neither the partnership nor Munday appeared. Shubeck appeared de bene esse, under the Act of March 5, 1925, P. L. 23, Sec. 2, 12 PS 673, to challenge the jurisdiction of the court.

The court dismissed the action. In our opinion it should not have dismissed the action as against Neumiller individually.

Appellee seems frightened by the provision in Rule 2131(a) that service upon a partner "shall be deemed service upon the partnership and upon each partner individually named in the action."[1] He is afraid jurisdiction over Neumiller means jurisdiction over the partnership. But this Rule must be construed together

---

[1] "(a) Service of process upon a partner or a registered agent of a partnership, or upon the manager, clerk or other person for the time being in charge of any regular place of business of a partnership shall be deemed service upon the partnership and upon each partner individually named in the action, provided the person served is not a plaintiff in the action."

with 2130(a). Service upon a partner acquires jurisdiction over the partnership *only when the action is brought in the proper county*. Appellant concedes this; it does not contend the court has jurisdiction over the partnership or over Munday and Shubeck individually. Appellant contends merely that Neumiller, by entering a general appearance, has waived the objection to jurisdiction over him *in his individual capacity*.

Statutes regarding venue—and the Rules of Civil Procedure have the effect of statutory enactment (Act of June 21, 1937, P. L. 1982)—deal only with jurisdiction over the person.[2] This action is in assumpsit for the price of goods sold and delivered. The courts of common pleas have jurisdiction generally in such cases. The advantages afforded defendants by the Venue Rule are personal privileges and are waived by entering a general appearance. *Gray v. Camac,* 304 Pa. 74, 76, 155 A. 105.

True, the statement of claim indicates a partnership liability only. Our holding is not intended to deprive Neumiller of any defense he may have. All we hold is that having voluntarily appeared, the court has jurisdiction over him individually and in that capacity, and that capacity only, he must defend on the merits.

The order of the court dismissing the action, insofar as it applies to Neumiller individually, is reversed; otherwise it is affirmed and the record is remitted for further proceedings not inconsistent with this opinion.

---

[2] The distinction between such statutes and statutes dealing with jurisdiction over the cause of action or the subject matter of the dispute is clearly pointed out by Mr. Justice VAN DEVANTER in *Lee v. C. & O. Railway Co.,* 260 U. S. 653.