MOORE v. DIEHM et al.

No. 33069.   Oct. 5, 1948.

Rehearing Denied Nov. 16, 1948.

*199 P. 2d 218.*

Gasaway & Smith, of Enid, for plaintiff in error, Nels Moore.

Cress & Rosser, of Perry, for defendant in error, John W. Diehm.

RILEY, J. This action was commenced in the district court of Noble county by the defendant in error John W. Diehm against plaintiff in error, Nels Moore, and defendant in error E. M. Ramsay to recover the sum of $825, the purchase price of 15 head of cattle. Plaintiff, Diehm, and defendant Ramsay are residents of Noble county and defendant Moore is a resident of Garfield county.

In his petition plaintiff alleges that on July 27, 1945, and for several months prior thereto, defendants, Ramsay and Moore, were engaged in a business venture in an association each with the other in purchasing and selling livestock and dividing the profits and losses; that defendants were buying livestock in Noble county and selling same at a community sales pavilion owned by defendant Moore located at Covington, Okla.; that in buying livestock, Ramsay would give his personal check drawn against a certain bank account in his name, financed solely and exclusively by defendant Moore in the First State Bank of Covington, Okla., and that upon resale of the livestock so purchased, whether the sale was at the sales pavilion in Covington or some other place, a division of the profits and losses would be made by said defendants; that on May 27, 1945, while said arrangement existed between said defendants, defendant E. M. Ramsay, in pursuance of said business, purchased of plaintiff, in Noble county, 15 head of cattle for the sum of $825, and gave in payment therefor his check drawn against his account in the First State Bank of Covington; that in due course, said check was presented for payment but was returned to plaintiff unpaid and marked "insufficient funds." A copy of the check is attached to and made a part of the petition.

Plaintiff further alleged that said cattle were delivered by the said Ramsay to the sales pavilion of defendant Moore and were sold and disposed of by the defendants under their business arrangement, and defendants realized the cash for said cattle and have refused to account to or to pay plaintiff for said cattle.

Summons was issued and served on defendant Ramsay in Noble county; said defendant Ramsay filed no answer or other pleading in said cause. Summons was issued to defendant Moore and served on him in Garfield county. Defendant Moore appeared separately and moved to quash same and service thereof upon the grounds that the plaintiff did not state a joint cause of action against defendants, Ramsay and Moore, and for this reason the summons served on defendant Moore in Garfield county did not confer jurisdiction in the court in Noble county over his person. Said motion was overruled and defendant Moore separately demurred to the petition upon the same grounds. Demurrer was overruled, whereupon defendant Moore filed his separate verified answer specifically denying that there ever was during the time mentioned in the petition a business venture, a partnership or relation of principal and agent existing between the defendants, Moore and Ramsay.

Trial of the issues to a jury resulted in a verdict and judgment in favor of plaintiff, Diehm, and against defendants, Nels Moore and E. M. Ramsay. Defendant Moore alone appealed and makes defendant Ramsay a party defendant in error.

It is first contended that the court erred in overruling the special appearance motion of defendant Moore in his plea to the jurisdiction of the court over his person. Grounds of said plea or motion were that "no joint cause of action was stated in the petition against the defendants."

54 O.S.A. 1941 §1 defines a partnership as:

"A partnership is the association of two or more persons for the purpose of carrying on business together and dividing its profits between them." Anderson v. Whitener, 127 Okla. 284, 261 P. 156.

The petition of plaintiff was sufficient to allege a partnership within the above definition.

54 O.S.A. 1941 §40 provides:

"Every general partner is liable to third persons for all obligations of the partnership jointly with his co-partner."

Said section is declaratory of the common law and does not change or modify the common law rule, and we have no other statute which will in any manner change the liability of partners. J. R. Cox v. Gille Hardward Co., 8 Okla. 483, 58 P. 645.

There was no error in overruling the motion to quash. Likewise, there was no other error in overruling the demurrer to the petition nor in overruling the objection to the introduction of any evidence.

It is next contended that the court erred in overruling the demurrer of defendant Moore to the evidence of plaintiff, and in overruling and denying the motion of defendant Moore for a directed verdict at the close of plaintiff's evidence in chief and in denying the motion of defendant Moore for a directed verdict in his favor at the close of all of the evidence.

Under this contention it is asserted that there was no evidence whatever tending to prove a partnership relation between defendants, Ramsay and Moore. In this connection, defendant Moore quotes at length from the testimony of plaintiff, Diehm, as though that were all the evidence. The testimony of plaintiff, Diehm, alone was insufficient to show such partnership relation. But defendant Moore overlooks or ignores the testimony of defendant Ramsay and the testimony of Mrs. E. M. Ramsay and the documentary evidence. This evidence tends strongly to establish such partnership relation and we deem it unnecessary to quote at length therefrom. Mrs. E. M. Ramsay testified that on each Saturday from about February 1st to July 27, 1945, settlement would be made between defendants, Moore and Ramsay, and recapitulation sheets or records, showing the transactions of the week, would be made out in writing and that it was her job to assist in this work; that on such record there would be shown the number and description of all livestock brought to the sale by Ramsay and sold at the sales at Covington, or other places, and would show the sale price and the names of the several purchasers and the total of all sales for the week. From this would be deducted the expense of handling the stock, such as feed, etc., then would be deducted the price paid for the stock and that would be refunded to Moore who had furnished the money with which to purchase the stock. What would remain, if any, would represent the profits on the transactions for the week, and this would be divided by two, and one-half thereof would be paid to Ramsay and the other one-half would be retained by Moore.

Typical of these recapitulation statements was a copy of the one for March 31, 1945, which was introduced in evidence. It showed total sales for the week of $900.19. From this was deducted $5.19 for feed, leaving a net income from the sale of $895.09. From this was deducted $662.83, representing the cost of the stock, which left $232.26 as profits. This $232.26 divided by two and $116 thereof was paid to Ramsay so that Moore received the $662,83, representing what he had furnished to buy the cattle for that week, and also $116, representing one-half the profits, and the defendant Ramsay received one-half of the profits.

Mrs. E. M. Ramsay testified that similar sheets or statements were made each week from about February 1st to

July 27, 1945, and that testimony was not contradicted. However, defendant Moore testified that he did take the one-half of the profits, but applied it on debts which he said Ramsay owed him. There was much conflict in the evidence, but there was abundant evidence tending to establish the partnership relation. True, most of it was contradicted, but the question was one for the jury. Carey, Lombard, Young & Co. v. Huckaby, 186 Okla. 685, 100 P. 2d 894.

It is next contended that the court erred in rendering judgment against defendant Moore and that the judgment should have been against the partnership. In this connection, defendant cites Hassen et al. v. Rogers et al., 123 Okla. 265, 253 P. 72, and other similar cases which appear to hold that the statute does not permit an individual judgment to be rendered in a suit against a partnership, but this is not a suit against a partnership as such. The record shows that the partnership relation, if any ever existed, was dissolved and terminated on or about August 4, 1945, and this action was not commenced until October 15, 1945.

In Walker Drilling Co. v. Carlew Drilling Co., 109 Okla. 7, 234 P. 598, it is held that where an action is pending against a partnership, and the partnership is dissolved by the death of one of the partners, the action should proceed against the surviving partner and the judgment on the liability of the deceased partnership should go against the surviving members.

In White and Smith et al. v. Dillinger, 50 Okla. 555, 151 P. 194, it was held error to render judgment against the partnership after its dissolution.

Finally, it was contended that the court erred in refusing competent legal evidence offered by defendant Moore and in admitting incompetent evidence offered by plaintiff. Defendant does not point out any particular evidence admitted over his objection which he contends was incompetent, nor does he point out any evidence for plaintiff admitted over his objection which he contends was incompetent and from the record we find no substantial error in the admission or objection of evidence.

Affirmed.

Rehearing Denied Nov. 16, 1948.