## Jenkins & Ligi v. Griffiths

*R. Carl Griffith*, for plaintiff.
*Gerald G. Dolphin*, for defendant.

EAGEN, J., December 1, 1950.—This is an action in assumpsit to collect attorney fees due and owing upon an oral contingent agreement. Defendant has filed pre-

liminary objections to the complaint in the nature of a demurrer.

It is submitted that plaintiff attorneys, in the first instance, did not conform to Rule 202 of the Pennsylvania Rules of Civil Procedure, which requires that an agreement between an attorney and client in regard to fees for services to be rendered based upon a contingent arrangement shall be in writing.

The rule is as follows:

"Agreements between attorney and client relating to compensation wholly or partly on a contingent basis shall be in writing, executed in duplicate. One executed copy shall be delivered to the client at the time of the making of the agreement, and the other shall be preserved by the attorney for at least two years after final judgment or settlement of the case. Such agreements shall be subject to inspection by the Court, by the appropriate committee of the Bar Association of the County or of the Court, and by the Board of Governance of the Supreme Court."

There can be no doubt but that the Rules of Civil Procedure have the effect of statutory enactment: Standard Oil Company of Pennsylvania v. Mundy et al., 150 Pa. Superior Ct. 499. However, we do not believe that rule 202 established or was intended to establish any test for determining the validity of contingent fee contracts between attorney and client. The rule is undoubtedly a wise one, serves a very useful purpose, and should be strictly adhered to, but in our opinion, it establishes only a procedural requirement. It does not attempt to say as a matter of substantive law that oral contingent fee agreements are void and unenforcible. This is strictly a procedural rule and the substantive validity of contracts is not a matter of procedure.

Therefore, December 1, 1950, the preliminary objections to the complaint are overruled and defendant is directed to answer on the merits within 10 days.