Charles A. LENZ, Plaintiff In Error,

v.

E. L. YOUNG and Dolly Young, a partnership, d/b/a Royal Crown Shows, Defendant In Error.

No. 36999.

Supreme Court of Oklahoma.

Jan. 22, 1957.

Rehearing Denied March 5, 1957.

Banker & Bonds, Muskogee, for plaintiff in error.

Paul Gotcher, Cleon A. Summers, Ernest R. Anthis, Muskogee, for defendant in error.

JACKSON, Justice.

This appeal involves an action by Charles A. Lenz, as plaintiff, against the partnership of E. L. Young and Dolly Young wherein it is alleged that they are partners doing business as Royal Crown Shows. From judgment in his favor against Dolly Young, individually, in the sum of $1,902, plaintiff appeals. His appeal is based upon the alleged insufficiency of the judgment.

The record shows that E. L. Young. owned and operated the Royal Crown Shows prior to March 23, 1951. His wife, Dolly Young, assisted him and had charge of some of the concessions. The plaintiff, Lenz, was in the insurance business in Florida and furnished insurance for Royal Crown Shows.

On February 19, 1951, E. L. Young was delinquent in the payment of his insurance premiums and on that date signed a note in

**846**

favor of plaintiff in the amount then due, $8,201.75.

In March, 1951, E. L. Young and Dolly Young were having marital and financial difficulties and on March 23, 1951, they entered into a partnership agreement to the effect that each owned an undivided 50% interest in the partnership doing business as Royal Crown Shows. On March 28, 1951, Mrs. Young obtained a divorce from her husband, but they continued in business as partners until November 13, 1951, at which time it was dissolved by Dolly Young buying out the interest of E. L. Young. Dolly Young assumed the indebtedness for insurance premiums accruing between March 23 and November 13, 1951, as a partnership obligation. Her oral testimony is that this amounted to $5,902.

After November 13, 1951, and during the carnival season of 1952, Dolly Young operated the Royal Crown Shows as sole owner thereof. During this period she paid the plaintiff $4,000 which, according to her testimony, was to be applied on the partnership obligation of $5,902, thus reducing that indebtedness to $1,902. During the same period there accrued an additional obligation for insurance premiums against Dolly Young, individually, of $5,872.

Thereafter, and on October 1, 1952, this action was filed against E. L. Young and Dolly Young, as partners, doing business as Royal Crown Shows, notwithstanding the fact that Lenz was informed of the dissolution of the partnership soon after it was dissolved, and before he wrote any insurance for Dolly Young as the individual owner and operator of the Royal Crown Shows.

In plaintiff's first cause of action he prays judgment against the defendants and attaches itemized statements for insurance furnished during the years 1951 and 1952 on the theory of partnership liability during the entire period. In his second cause of action he prays judgment against the defendants on the note, as a partnership obligation. Plaintiff obtained an order of attachment against the effects of the partner-

ship and bond was made to discharge the attachment. Issues involving the attachment were before this court in Lenz v. Young, Okl., 262 P.2d 886.

Dolly Young filed her answer on March 4, 1954, and denied that a partnership relation existed at the time the suit was filed and specifically denied that the note was executed as a part of any transaction arising out of any partnership in which she had an interest or was a partner.

The record shows that Dolly Young was adjudged a bankrupt on April 8, 1954, and was discharged as a bankrupt on March 3, 1955. However, it further appears that the Referee in Bankruptcy authorized plaintiff to prosecute this action to final judgment.

E. L. Young was not summoned and when the case came on for trial on April 19, 1955, plaintiff dismissed the case against him without prejudice. It is not contended that this changed the nature of the action into a suit against Dolly Young individually as distinguished from a suit against the partnership. Near the end of the trial plaintiff sought permission to amend his petition to conform to the proof but this request was denied. This action of the trial court is not assigned as error.

■ The record does not disclose any substantial proof that the note was a partnership obligation. Dolly Young did not sign the note. It was signed by E. L. Young, individually, before Dolly Young entered into the partnership agreement, and plaintiff failed to prove that Dolly Young assumed this obligation. While this question was submitted to the jury by interrogatory and the jury found that Dolly Young was not obligated on the note, we think without the jury's verdict the plaintiff failed to prove that Dolly Young was obligated for the payment of the note. In our opinion the trial judge should have directed a verdict for the defendant on the note, and there is no error in the judgment in so far as it does not permit recovery thereon.

In plaintiff's first cause of action he sues for $11,179.84 on an open account. A verified account was introduced in evidence

and when the exhibits attached to the "Summary of Enclosed Statements" are considered it is apparent that the partnership incurred in 1951 an indebtedness for insurance in the sum of $5,307.84. It is also apparent that the items accruing after November 13, 1951, in the sum of $5,872, were the obligations of Dolly Young, as an individual, and not an obligation of the partnership.

Why Dolly Young assumed a partnership obligation of $5,902 instead of the partnership obligation of $5,307.84, as it appears from plaintiff's exhibit, is not explained. However, she did assume that amount and the jury found that after applying the $4,000 payment as a credit against $5,902 that she was still indebted to the plaintiff in the sum of $1,902. It is not disputed that Dolly Young had directed plaintiff's employee to apply this $4,000 against the partnership account. The trial court entered judgment against Dolly Young, individually, in the sum of $1,902 and that judgment has become final as to her.

Plaintiff presents his argument under 4 propositions:

I. Plaintiff was entitled to an instructed verdict for the full sum sued for.

II. The Instructions given by the court were wholly inapplicable and erroneous.

III. The court erred in failing to submit the case to the court for a general verdict, instead of by interrogatories.

IV. The court was without power to enter the judgment entered herein.

We find no merit in plaintiff's first and fourth propositions, and the view we take of this case makes it unnecessary for us to pass upon his second and third propositions.

As heretofore pointed out, plaintiff pleaded his case against the defendants as partners; he obtained an order of attachment against the partnership assets and defendant's bond was made to discharge that attachment; and the trial court instructed the jury, without objection, that the action was brought against the partnership.

■ We are not unmindful of the rule that where a partnership has been dissolved before an action is commenced for recovery on an obligation of such partnership, no judgment can be rendered against the partnership entity as such. Aetna Casualty and Surety Company v. Wofford, Okl., 296 P.2d 967. However, where the partnership is dissolved before the suit is instituted but the case is tried throughout as against a partnership, we see no reason why judgment could not be rendered against the partnership as such. Our attention is invited to Pine Belt Lumber Co. v. Riggs, 80 Okl. 28, 193 P. 990, wherein this court held in the first paragraph of the syllabus:

"The parties to an action, having presented their case or defense to the trial court upon a certain, definite theory, are bound thereby, and will not be permitted to change the theory of the case either at any subsequent stage in the trial court or in the appellate court upon appeal."

In Herbert v. Wagg, 27 Okl. 674, 117 P. 209, 210, it was held:

"A party bringing an action is required to frame his pleading in accord with some definite, certain theory, and the relief to which he claims to be entitled must be in accord therewith; on appeal he is bound by the position and theory assumed, and on which the case was heard in the trial court."

■ This principle of law is applicable in suits against partnerships. Pace v. Continental Supply Co., 120 Okl. 302, 251 P. 743.

Since the case before us was prosecuted and defended as an action against the partnership the proof should have been limited to partnership obligations; the recovery should be limited to partnership obligations; and the judgment should have been rendered against the firm. In Heaton v. Schaeffer, 34 Okl. 631, 126 P. 797, 43 L.R. A.,N.S., 540, this court held:

"In a suit against the partnership, where only one member of the firm is

served, it is error to render an individual judgment against the member served. In such case judgment should be rendered against the firm, and such judgment could be enforced against the partnership property and the individual property of the member served."

In Fowler v. Brooks, 193 Okl. 580, 146 P.2d 304, 305, it was held in the first paragraph of the syllabus:

"Partners as such are not directly or personally liable on a debt or liability of the partnership. Their liabilities arise out of their connection with the firm and are traceable only through the firm and must be established by a judgment against the firm. No personal judgment may be entered against a partner as such; his property may be subjected to payment of the partnership liability when the assets of the partnership are insufficient to pay its obligation."

 Under all the proof in this case the partnership obligation was not greater than $5,902 and when the $4,000 payment is allowed as a credit thereon, it is apparent that the partnership still owes $1,902. Since the case was tried on the theory of partnership liability the judgment should have been against the firm. However, Dolly Young did not complain of the judgment rendered against her personally, took no appeal therefrom, and the judgment has become final as to her. Bledsoe v. Green, 138 Okl. 15, 280 P. 301.

Plaintiff contends that Bond v. Cornell, 204 Okl. 377, 230 P.2d 476, 477, is authority for the proposition that he may have judgment against Dolly Young, individually, in his action against the partnership. We are unable to agree. That case was decided on other grounds, and the question of whether a judgment could be rendered against a partner individually in a suit against the partnership was not presented. In that case Cornell sued Murphree and Bond, as partners. Before trial Murphree was adjudged bankrupt and the trial court directed a verdict in Murphree's favor. The court then directed a verdict against Bond and rendered judgment against him personally. In the body of the opinion it is said: (emphasis supplied)

"Bond does not contend that the trial court erred in rendering a judgment against him individually without rendering a judgment against the partnership. This apparently for the reason that, as stated in 68 C.J.S., Partnership, § 340, p. 850, the partnership was dissolved by the adjudication of Murphree as a bankrupt, and in Moore v. Diehm, 200 Okl. 664, 199 P.2d 218, we held that where the partnership had been dissolved prior to the commencement of the action, judgment on a partnership obligation could be rendered against either party individually. We think the same rule would obtain in this case, although the defendant Murphree was not adjudicated a bankrupt until after the action was filed. The defendant Bond in his verified answer denied that he and Murphree were partners doing business as Murphree & Bond Drilling Company."

In Moore v. Diehm, supra, the partnership was dissolved before the suit was filed. The action was instituted against the individuals who had been partners and it was proper to enter judgment against the individuals who had formed the partnership.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, BLACKBIRD and CARLILE, JJ., concur.

HALLEY and WILLIAMS, JJ., dissent.

HALLEY, Justice (dissenting).

I disagree with the majority opinion. We have this sort of situation here. A man by the name of E. L. Young owned the Eddie Young Royal Crown Shows that made State Fairs in the mild months of the year. His wife, Dolly Young, assisted him in the business. She insisted on being made a partner. On March 23, 1951, they en-

tered into a partnership agreement. On November 13, 1951, E. L. Young sold all his interest in the partnership to Dolly Young. They had been divorced on March 28, 1951. The plaintiff had furnished the insurance for the Royal Crown Shows. E. L. Young gave his personal note for what was owed for insurance prior to the partnership agreement. Dolly Young never signed this note. When Dolly Young received the bill of sale to the partnership property she assumed all the debts of the partnership. The amount owing the plaintiff was over $5,000. Dolly Young continued to get the insurance for the Royal Crown Shows from the plaintiff for the same protection that the partnership had gotten insurance. She continued to carry on the business under the same name. When the property was attached in Muskogee it was the same property that was under the partnership. The action was filed against E. L. Young and Dolly Young doing business as Royal Crown Shows. Dolly Young in her answer appeared for herself and in no other capacity.

The insurance in this case gave protection to Dolly Young. She was served and the attachment made when she was in charge of the property. In my opinion the service in this case was sufficient to bring into court both the partnership and the individual Dolly Young. No substantial question was raised as to correctness of the account. The only defense was that part of the bill was a partnership account and part individual. It should make no difference because the property was subject to attachment for both accounts. The fact that a partnership is a separate entity should make no difference because the individual partner's property was liable for the debts of the partnership as well as for the individual's obligation.

If the pleadings were not what they should have been, certainly the trial court should have allowed, in the furtherance of justice, the amendment of the pleadings to conform to the proof.

I believe that the rule is the better one which holds that when a person is named and served with process individually as a member of a partnership he is in court for all purposes both as an individual and as a partner. See Epstein & Bro. v. First National Bank of Tampa, 92 Fla. 796, 110 So. 354; Standard Oil Company of Pennsylvania v. Munday, 150 Pa.Super. 499, 28 A. 2d 813; Radel v. Seib, 105 Pa.Super. 75, 159 A. 182.

Honest obligations should not be defeated on such a technicality as is raised in the majority opinion. I dissent.