**YELLOW CAB COMPANY, Plaintiff in Error,**

v.

**Elizabeth L. ALLEN, Defendant in Error.**

**No. 39196.**

Supreme Court of Oklahoma.

Dec. 18, 1962.

**222**

Vernon Field, Githen K. Rhoads, Chester D. Silvers, Lawton, for plaintiff in error.

W. W. Godlove, Jack Cummins, Manville Redman, Jr., Lawton, for defendant in error.

DAVISON, Justice.

This is an appeal by Yellow Cab Company (herein referred to as appellant) from a judgment rendered on jury verdict in favor of Elizabeth L. Allen (plaintiff below and herein referred to as plaintiff) in an action by plaintiff for damages for personal injuries growing out of a collision of automobiles.

Plaintiff filed her action on March 4, 1957, against Yellow Cab Company of Lawton and Herman J. Barrett alleging that on March 4, 1955, she was a passenger in a Yellow Cab that was proceeding south on Sixth Street in Lawton, Oklahoma, and that at the intersection of *Sixth Street and Dearborn Street* the cab collided with a car driven by Herman J. Bárrett; that the cab and Barrett car were both being operated in a careless and negligent manner and alleged such careless and negligent acts; that she suffered certain described injuries to her head, neck, throat and spine, whereby she was damaged to the extent of $15,-000 for personal injuries, $6,000 for loss of earning capacity and $500 medical expense. The summons directed the sheriff to serve Doyle Williams, d/b/a Yellow Cab Company, and the summons was served on Doyle Williams. After a number of motions were disposed of, the plaintiff, on June 28, 1957, filed an amended petition, naming "Doyle Williams, surviving partner, d/b/a Yellow Cab Company, Lawton, Oklahoma," and Herman J. Barrett as defendants. Thereafter Yellow Cab Company filed an answer consisting of a general denial; an admission that an automobile accident occurred on March 4, 1955, at the intersection of *South 7th Street and D Avenue* in the City of Lawton, in which plaintiff was riding in a Yellow cab that collided with a car driven by Herman J. Barrett; and alleged contributory negligence and unavoidable accident.

At the conclusion of the trial the jury returned a verdict for plaintiff against Doyle Williams, d/b/a Yellow Cab Company for $15,300 and that plaintiff have no recovery against Barrett. The trial court, in rendering judgment on the verdict, recited the verdict and rendered judgment for plaintiff against "Defendant, Yellow Cab Company." Appeal was perfected to this court.

Appellant first contends that the trial court erred in failing to adjudge that plaintiff's action was barred by the two year statute of limitations. In support of this contention appellant argues that the petition alleged the accident occurred at Sixth and Dearborn Streets, whereas the answer stated, and all the evidence reflected the accident occurred at Seventh and D Streets, and that the petition as amended by the proof sets out a new and different

cause of action long after the statute of limitations had run. There is no contention and in fact the proof does not show that there were two separate accidents between the same parties on the same date at the different respective locations. The pleadings and the proof reflect that plaintiff's action was for injuries received as a result of a single collision.

We regard this as being, at most, a variance between the allegations of the petition and the proof only as to the location of the collision between the motor vehicles. From appellant's answer and the evidence produced it is obvious that appellant was at all times cognizant of the true state of facts and that appellant was not prejudicially misled.

■ In Liberty Plan Co. v. Francis T. Smith Lumber Co., Okl., 360 P.2d 500, 503, we stated:

"* * * No variance between the allegations in a pleading and the proof will be deemed material or fatal unless it appear to the satisfaction of the court that it has actually misled the adverse party to his prejudice. The burden rests on the aggrieved litigant to show in what manner he has been misled. * * *"

Appellant cites Fowler v. City of Seminole, 202 Okl. 635, 217 P.2d 513, as supporting the above contention. The decision is not in point. In the Fowler case the plaintiff first sought recovery for loss of his water franchise rights and, after the limitation period had run, abandoned such cause of action and by amendment sought recovery for damages to the water system, thereby introducing a new and different cause of action.

■ Appellant further contends that the trial court erred in overruling its motion to have the judgment conform to the jury verdict. As stated the verdict was against Doyle Williams, d/b/a Yellow Cab Company and the trial court rendered judgment on the verdict against Yellow Cab Company.

The record reflects that prior to plaintiff filing her amended petition the court heard testimony in connection with a number of preliminary motions presented by the parties. This testimony showed that at the time of the accident on March 4, 1955, Yellow Cab Company of Lawton was a partnership consisting of Doyle Williams and one Andy Jordan and that Jordan had died prior to plaintiff filing her action. There was evidence Mrs. Jordan then acquired her husband's interest. With leave of court the plaintiff then filed her amended petition against Doyle Williams, surviving partner d/b/a Yellow Cab Company of Lawton, Oklahoma. Obviously plaintiff regarded the original partnership as dissolved and the record does not reflect any effort or action thereafter by plaintiff to make any change in the designation of the person sued in the amended petition. The verdict against Doyle Williams, d/b/a Yellow Cab Company was consistent with the descriptive language in the instructions and no objections were made to the instructions by the parties. In Moore v. Diehm, 200 Okl. 664, 199 P.2d 218, we stated:

"Where a partnership has been dissolved before an action is commenced for recovery on an obligation of the partnership incurred before its dissolution, such action may be maintained and judgment rendered against the individuals formerly comprising the partnership and no judgment can be rendered against the partnership as such."

See also Aetna Casualty and Surety Co. v. Wofford, Okl., 296 P.2d 967, 60 A.L.R.2d 821.

Plaintiff contends the judgment is correct and argues that since the answer did not deny the partnership and was not verified then the partnership entity was admitted. The fallacy of this argument is apparent. In her amended petition plaintiff did not sue a partnership entity but sued an individual as surviving partner d/b/a Yellow Cab Company. We cannot see how, with this situation, an unverified answer that

does not deny partnership, would convert the action into one against an alleged existing partnership entity. Plaintiff framed her pleading on the theory that the defendant was a surviving partner. In Lenz v. Young, Okl., 307 P.2d 844, the action involved recovery for a partnership obligation and we applied the following rule to the plaintiff's theory of the action:

"'A party bringing an action is required to frame his pleading in accord with some definite, certain theory, and the relief to which he claims to be entitled must be in accord therewith; on appeal he is bound by the position and theory assumed, and on which the case was heard in the trial court.'"

The record furnishes no explanation and reflects no motion or request for a judgment different from that set forth in the verdict. In M & P Stores v. Taylor, Okl., 326 P.2d 804, we held that after the acceptance of a jury verdict and discharge of the jury the court is without authority to change the verdict. It is our conclusion that the trial court erred in not rendering judgment in conformity with the jury verdict and the judgment is in this respect reversed with instructions to render judgment in conformity therewith.

Appellant next contends the court erred in overruling a motion for a directed verdict. Appellant's argument in this respect is that the collision occurred in a street intersection and that the taxicab in which plaintiff was riding entered the intersection first and was within the intersection when it was struck by the other motor vehicle. Without reciting the evidence it is sufficient to state that the evidence as to the speed of the vehicles and as to which entered the intersection first was in conflict. The jury chose to believe the evidence favorable to plaintiff. Under such circumstances and in view of the verdict it is not the function of this court to determine the weight of such evidence. In Metcalf v. Bingaman, Okl., 294 P.2d 569, we said:

"In an action of legal cognizance the verdict of the jury will not be disturbed on appeal when evidence is in conflict if there is any competent evidence reasonably tending to support the verdict."

Appellant also contends that the damages assessed by the jury are unconscionably excessive and appear to have been the result of passion and prejudice. Plaintiff's amended petition prayed for $15,000 for personal injuries and pain and suffering, $6000 for impairment of earning capacity, and $500 for present and anticipated medical expense, or a total of $21,500. The verdict was for $15,300. Plaintiff's testimony that she was thrown upward so that her head struck the roof of the cab and she then fell to the floor between the seats is not controverted. There is no claim that there were any broken or fractured bones. The trial of the action was in May of 1959, or more than 4 years after the accident. Plaintiff's evidence was that as a result of the accident she suffered pain in her neck and sharp pain in her head, with recurring headaches and soreness in her back, and that she suffered from a general nervous condition. Plaintiff's medical evidence was that the pain in her neck was a permanent condition. The contrary medical testimony was that there was no objective appearance of plaintiff's condition but admitted that such condition and complaints were subjective, and not revealed upon X-ray pictures. Plaintiff further testified that prior to the accident she had a net income of $250 to $300 per month from operating a rest or nursing home, but because of her condition resulting from her injuries she was now restricted to a smaller operation and her net income was reduced to $125 per month.

In Tulsa City Lines v. Geiger, Okl., 275 P.2d 325, 328, this court stated in a personal injury case that:

"We have no right to place limitations upon the amount of damages returned by a jury, unless we are convinced that the amount of recovery

bears no relation whatever to the evidence, or that it was induced by bias or prejudice on the part of the jury. * * * "

Upon consideration of the evidence there appears to be a reasonable relation between the amount of recovery and the evidence, nor can we say that the verdict was actuated by passion or prejudice.

Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.